29162.  REEVES *v.* THE STATE.

DECIDED NOVEMBER 11, 1941.

*Price Edwards,* for plaintiff in error.

*Hal C. Hutchens, solicitor-general, D. B. Howe, W. H. Foster Jr.,* contra.

MacINTYRE, J. Only headnote 1 will be discussed. The judge charged the jury in part as follows: "Justifiable homicide is the killing of a human being in self-defense, or in defense of person against one who manifestly intends or endeavors, by violence or surprise, to commit a felony on the defendant. Continuing the charge in connection with what would be necessary to establish the guilt of the defendant if the victim in this case had died, and the right of the defendant to defend himself, I will give you this additional principle in charge: On the subject of justifiable homicide, the court instructs you that if you believe that this defendant killed the person named in the indictment, or in this case that he made the assault alleged in the indictment, and if you should further believe that at the time he made the assault set out in the indictment, if he did make it, the victim was committing a felonious assault upon the person of this defendant, or if you should believe that the victim in this case intended or endeavored by violence or surprise, to commit a felonious assault upon the person of the defendant, or if you believe the circumstances surrounding the assault by the victim, if any, were such as to excite the fears of a reasonable man that the victim intended, or endeavored, or was about to commit a felonious assault upon the person of the defendant, and that, acting under the influence of those fears and not in a spirit of revenge, this defendant assaulted and stabbed the person named in the indictment, if he did that, then and in that event the alleged assault

by the defendant would be justifiable and you would not be authorized to convict the defendant of any offense at all. [Now, when I use the word 'victim,' that refers to Mr. Tolbert, the person who is alleged in this indictment to have been assaulted by the defendant, and where I have reference to the defendant I have identified the defendant on trial.]" (Brackets ours.)

The defendant objected to the last sentence of the excerpt from the charge which above is enclosed in brackets, and contends that the use of the word "victim" expressed an opinion that the prosecutor was not the aggressor in the rencounter but was the victim of an unlawful assault. While our Supreme Court in *Hayes* v. *State,* 58 *Ga.* 35 (11), has said that under the facts in that case "the charge should not characterize the deceased as a 'victim,'" and the Supreme Court of California, in People *v.* Williams, 17 Cal. 142 (7), has said that "'victim' is a term not to be used" in a murder case in referring to the deceased; yet, under the facts of the instant case, when the language of the court is considered in connection with the context, the charge complained of was not reversible error because it expressed an opinion that the person alleged to have been assaulted was not the aggressor. The indictment itself alleged that the defendant did "unlawfully and with force and arms, feloniously, and with malice aforethought, with a certain knife, dirk and razor, and other weapon of like kind, a further description of same being unknown to this grand jury, which he had and held, the same being a weapon likely to produce death, make an assault *upon Jim Tolbert hereinafter referred to as the victim,* and the said accused with said weapon, did then and there cut, stab, and wound the said victim, with intent unlawfully, feloniously, and with malice aforethought, to kill and murder the said victim" (italics ours) ; and the judge, in the introductory part of his charge, stated to the jury what the allegations were in the indictment, and among other things stated that the indictment alleged that the defendant did, with "a weapon likely to produce death, make an assault *upon Jim Tolbert, hereinafter referred to as the victim,* and the said accused, with said weapon did then and there cut, stab, and wound the said victim with intent unlawfully, feloniously, and of his malice aforethought, to kill and murder the said victim, contrary to the laws of said State, the good order, peace and dignity thereof." (Italics ours.) . Considered in connection with the con-

text, the jury must have understood that when the judge used the word "victim" he was referring merely to Mr. Tolbert, the person named in the indictment who was alleged to have been assaulted, and was not expressing any opinion that Mr. Tolbert was not the aggressor. Under proper construction, the excerpt complained of did not amount to an expression of an opinion as contended by the defendant, and we do not think such charge requires the grant of a new trial. *Floyd* v. *State,* 143 *Ga.* 286 (4) (84 S. E. 971) ; *Wilson* v. *State,* 152 *Ga.* 337 (4), 342 (110 S. E. 8) ; *Wilson* v. *State,* 190 *Ga.* 824 (7), 831 (10 S. E. 2d, 861). The judge did not err in overruling the motion for new trial for any reason assigned.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*