## 47807. CLEMENTS v. THE STATE.

EVANS, Judge. The defendant was indicted for the offense of theft by conversion. He pled guilty and was sentenced to serve a term of six years in the penitentiary. The appeal is from the judgment and sentence. *Held:*

1. Defendant contends the court erred in failing to read the charge (indictment) in open court in violation of his constitutional rights, but fails to specify what constitutional rights were violated and how same were violated. He cites no law whatever requiring that the indictment be read formally. He was represented by counsel, who, in writing waived formal arraignment. Before the court would allow him to plead guilty, he was sworn and examined in some detail regarding his desire to plead guilty, to make sure that he understood the effect of such plea, which was then entered and accepted.

A plea of guilty waives all defenses except that the indictment charges no crime. It is on all-fours with a conviction of guilty by the jury. *Rowland v. State,* 72 Ga. App. 793, 799 (35 SE2d 372); *Cummings v. Perry,* 194 Ga. 424 (21 SE2d 847); *Jackson v. Lowry,* 171 Ga. 349 (155 SE 466), *Marshall v. State,* 229 Ga. 841.

2. Defendant complains that unsworn testimony was used against him in the pre-sentencing stage in violation of his constitutional rights. Again, he cites no constitutional provision, nor how his rights were violated thereby. He cites no authority showing that his rights were violated in this procedure. He was represented by counsel, and no objection was made to the pre-trial investigation prior to pronouncement of the sentence. *Gaskins v. State,* 12 Ga. App. 97 (7) (76 SE 777); *Bennett v. State,* 101 Ga. App. 99 (112 SE2d 796).

He was given a sentence of six years, when the court

could have sentenced him to a maximum of ten years. The sentence does not amount to cruel and unusual punishment.

The term of years to be imposed was discretionary with the trial judge. Defendant alleges that there was erroneous, untrue, unproven, and irrelevant testimony adduced respecting the pre-sentence investigation, but he offered no proof to show the correctness of this contention. He was allowed ample opportunity to discuss the matter with the court, to ask questions, and to deny anything he might wish to deny. He did, in fact, clarify certain matters for the benefit of the court during this proceeding. No error was committed here.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*

SUBMITTED JANUARY 8, 1973—DECIDED FEBRUARY 13, 1973.

Gary G. Clements, *pro se.*

*Andrew J. Ryan, Jr., District Attorney, Howard A. McGlasson, Jr.,* for appellee.