## 52152. WATKINS v. THE STATE.

QUILLIAN, Judge.

Appeal in this case was taken from the defendant's sentence of 15 years for burglary. It is contended that the

procedure followed by the trial judge on the sentence hearing was improper.

Under authority of the recent Supreme Court decision in *Munsford v. State,* 235 Ga. 38, 45 (218 SE2d 792), we are constrained to reverse the sentence and remand with direction that the principles of *Munsford* be complied with and that sentence be entered in accordance thereto.

*Sentence reversed with direction. Deen, P. J., concurs. Webb, J., concurs specially.*

SUBMITTED MAY 5, 1976 — DECIDED JUNE 21, 1976.

*Carlisle & Newton, John T. Newton, Jr.,* for appellant.

*Ben J. Miller, District Attorney,* for appellee.

WEBB, Judge, concurring specially.

As I understand *Munsford v. State,* 235 Ga. 38 (218 SE2d 792), use by the trial judge of pre-sentence investigation reports prepared by probation officers, showing adverse matter which has not been made known to defendant pursuant to Code Ann. § 27-2503 (a), is not reversible error unless it can be determined from the record that the reports were used by the judge to increase punishment. In the instant case prejudice appears since the co-defendant, who had no previous record, received 5 years, while appellant received 15 years; and I therefore concur in the judgment of reversal as to the sentence. Also, I agree with appellant that clarification of §§ 27-2503 (a) and 27-2709 is needed since in the overwhelming majority of cases it is virtually impossible to tell whether or not the trial judge considered adverse matter in the reports in determining the length of sentence.