## 32102. HOPPER v. WILLIAMS.

UNDERCOFLER, Presiding Justice.

James Williams brought this habeas petition claiming he was being illegally held in the penitentiary under probated sentences. The habeas court agreed and the state appeals. We reverse.

Williams pleaded guilty to thirteen counts, including armed robbery, six counts of burglary, aggravated assault, two counts of theft by taking, passing a bad check, speeding, and escape. The guilty plea transcript clearly shows that he was sentenced to concurrent one-year

sentences on the lesser charges to run concurrently to concurrent six-year sentences on the more serious counts; all to be served in the penitentiary. In filling out the sentencing forms, however, the trial court neglected to cross out the preprinted paragraph suspending the prison sentence and providing for probation. Williams has already completed the one year sentences and only the six year sentences are at issue here.

Williams successfully argued in the habeas court that under *Morgan v. Mount,* 195 Ga. 281 (24 SE2d 17) (1943), he was entitled to serve the six-year sentences on probation. In *Morgan,* evidence was presented that the sentencing court had orally told the defendant his state sentence would run concurrently to a federal sentence he was already serving. The written judgment and sentence, however, did not so stipulate, and this court affirmed the habeas court's holding that the written sentence controlled and could not be modified by oral evidence.

The state cites, on the other hand, several cases holding that a superior court may always correct its records to reflect the truth. E.g., *Whittle v. Jones,* 198 Ga. 538 (32 SE2d 94) (1944); *Ellis v. Clarke,* 173 Ga. 618 (160 SE 780) (1931).

We do not find these cases in conflict with *Morgan v. Mount,* supra. It is clear that only the sentencing court itself may correct errors in its records. In *Ellis v. Clarke,* supra, for example, an action in the city court was suspended, while the sentencing superior court corrected the defendant's written record. Similarly, the habeas court in *Morgan* had no authority to change the petitioner's written judgment so that his state and federal sentences would be concurrent; the petitioner's remedy lay in the sentencing court.

We must conclude, in Williams' case now before us, that the sentencing court had the inherent power to correct the written sentence by striking out the preprinted probation language, even though it was two and a half years after Williams was originally sentenced. This change did not amount to a modification of his sentence (see *Phillips v. State,* 95 Ga. App. 277 (97 SE2d 707) (1957)), nor a change that required notice and a hearing to the defendant (see *Hinton v. State,* 127 Ga.

App. 853 (195 SE2d 472) (1973)).[1] Accordingly, Williams was legally incarcerated under valid six-year sentences. The habeas court erred in granting his petition and must be reversed.

*Judgment reversed. Nichols, C. J., Ingram, Hall and Hill, JJ., concur. Jordan, J., concurs in the judgment only.*

ARGUED MARCH 21, 1977 — DECIDED APRIL 6, 1977.

*Arthur K. Bolton, Attorney General, Daryl A. Robinson, Staff Assistant Attorney General,* for appellant. *Copelan & Kopp, David G. Kopp,* for appellee.

---

[1] Since this was not a jury sentence, there is not the problem of *Heard v. Gill,* 204 Ga. 261 (49 SE2d 656) (1948), where the court's judgment was illegal and void for failing to follow the jury's verdict. In that case a new sentencing hearing was required. Also, *Morris v. Clark,* 156 Ga. 489 (119 SE 303) (1923).