## 53736. CREWS v. THE STATE.

SHULMAN, Judge.

Appellant was tried by a jury and found guilty of (1) motor vehicle theft of one 1971 Dodge automobile (2) criminal attempt to steal one 1974 Mercury automobile (3) burglary of the same 1974 Mercury automobile. This appeal follows the denial of a motion for a new trial.

1. Appellant asserts error in the denial of a motion for a mistrial made after a witness testified that although he did not identify or recognize the appellant, the person with him did. The trial judge instructed the jury to

disregard the statement.

The trial judge's instruction was sufficient to remove any alleged prejudice which may have resulted. Even if the instructions were insufficient, the statement is not grounds for a new trial because of subsequent testimony to the same effect by the person making the identification. *Parish v. State,* 117 Ga. App. 616 (1) (161 SE2d 426). Accordingly, this enumeration must fail.

2. Appellant contends that allowing an in-court identification of the accused constituted error. Appellant does not contend that the initial picture spread shown to this witness was impermissibly suggestive. In accordance with *Holcomb v. State,* 128 Ga. App. 238 (1a) (196 SE2d 330), a hearing was conducted outside the presence of the jury. It was established that on a prior occasion the witness failed to identify a photograph of the accused. Rather, the witness had tentatively, but not positively, identified someone else as the accused. The identifying witness also stated, however, that he had observed the accused on the date of the commission of the crime and later in the courtroom. The witness testified that he could positively identify the accused as the perpetrator because of his appearance and walk. "The witness' initial failure to pick out defendant's picture was, of course, a proper subject of cross examination and the reliability of the subsequent identifications was an issue for the jury's determination. . . We know of no authority, however, which would prohibit, as unduly suggestive, an exclusively in-court identification . . ." *Lowe v. State,* 136 Ga. App. 631, 633 (222 SE2d 50). This enumeration is without merit.

3. Appellant asserts the court erred in permitting two witnesses to identify appellant at trial. Appellant argues that pre-trial photographic displays seen by these witnesses were so suggestive that their subsequent in-court identification was tainted. Both witnesses selected the accused's picture from the group of photographs. At trial each witness indicated a positive identification of the appellant based on their exposure to him and not based upon the photographic display. An examination of the photographs fails to show anything improperly suggestive. *Myers v. State,* 236 Ga. 677 (225

SE2d 53); *Griffin v. State,* 229 Ga. 165 (1) (190 SE2d 61); *Harris v. State,* 138 Ga. App. 388 (3c) (226 SE2d 462).

4. Appellant assigns error in the denial of his motion for a mistrial made when a testifying police officer stated that he had recovered certain items, to wit: checks and credit cards, which had been taken from the vehicle at a store "where the subject [appellant] had tried to cash a check using the credit card." The trial judge instructed the jury to disregard the statement. A witness with personal knowledge later testified that the appellant had tried to cash a check using the credit cards. For the reasons stated in Division 1 of this opinion, the enumeration is unavailing.

5. Appellant, citing *Johnson v. State,* 130 Ga. App. 134 (202 SE2d 525), submits that the court erred in denying his motion requesting merger of Count 2 (criminal attempt to steal one automobile) and Count 3 (burglary of the same automobile) of the indictment. Because of our decision in Division 8 of this opinion that Count 3 cannot stand, this enumeration need not be considered.

6. Appellant maintains that the court erred in denying his motion for directed verdict of acquittal as to Count 2. There was testimony that appellant had broken into the automobile, that appellant had been tampering with the steering wheel, and that the ignition lock on the steering column had been broken off. We cannot say that the judge erred in refusing to direct a verdict.

7. Appellant claims that the judge erred in considering pre-sentence investigative reports at the pre-sentence hearing before the court without a jury. The record refutes any claim that the reports were used by the judge to increase punishment. There was no error here. *Munsford v. State,* 235 Ga. 38, 45 (218 SE2d 792); *Watkins v. State,* 139 Ga. App. 108 (228 SE2d 28).

8. Error is asserted in the denial of a motion for new trial as to all counts. Although at the time of trial an indictment for burglary of an automobile was proper, this court held in *Massey v. State,* 141 Ga. App. 557, that a conviction for burglary of an automobile cannot stand where the vehicle is not designed for use as a dwelling. The rule in *Massey* is applicable to cases still pending on

direct review at the time the *Massey* decision was announced. See 10 ALR3d 1371, 1401 § 8 (c). Accordingly, since the vehicle in the case at bar was not designed for use as a dwelling, appellant's conviction and sentence as to Count 3 (burglary of an automobile) was erroneous. *Massey v. State,* supra.

There was sufficient evidence to support convictions as to Counts 1 and 2. Because the court's order sentenced appellant for all counts in the aggregate and there appears no sentence for each count individually, Counts 1 and 2 must be remanded for sentencing. *Fleming v. State,* 113 Ga. App. 113 (2) (147 SE2d 480).

*Judgment reversed in part and affirmed in part with direction that the defendant be resentenced. Quillian, P. J., and Smith, J., concur.*

SUBMITTED APRIL 12, 1977 — DECIDED MAY 16, 1977.

*Watson, Brown, Foster & Keller, George T. Brown, Jr.,* for appellant.

*William H. Ison, District Attorney, James W. Bradley, Assistant District Attorney,* for appellee.