## 54571. TAYLOR et al. v. THE STATE.

SHULMAN, Judge.

Defendants appeal from the sentence entered on a jury verdict finding defendants guilty of violating the Georgia Controlled Substances Act. Code § 79A-801 et seq.

1. Appellants enumerate the denial of their motion to suppress as error.

At the hearing on the motion to suppress it was shown that in December 1975 appellants were arrested at the instance of store detectives and charged with theft by taking of merchandise. Appellants were admitted to bail and bond was posted. Although appellants were bound over, no further action was taken. Some months later, law enforcement officials received information that appellants were in possession of stolen property at their residence. There was testimony that, because of a desire to protect an informer's identity, this information was not used to procure a search warrant. A subsequent investigation of appellants' file disclosed that the charges concerning the December 1975 arrest were still pending. On July 20, 1976, the theft by taking case was presented to a grand jury. A true bill was returned. Bail bond was set at a higher amount and bench warrants issued. The bench warrants were executed at appellants' residence. While attempting to locate persons named in the bench warrants, a law enforcement officer observed articles the officer knew, from his past investigation of a theft, to be stolen. A search warrant was obtained for the observed allegedly stolen articles. In a search conducted pursuant to the warrant, the contraband involved in the instant case was seized. The record shows that on October 12, 1976, prior to the motion to suppress hearing, appellants pled guilty to the theft by taking charges.

At the hearing on the motion to suppress, appellants sought the exclusion of the contraband on the ground that the trial court failed to exercise discretion in setting bond for the bench warrant issued pursuant to the theft by taking indictment. They argue that the subsequent search which was ultimately attributable to the bench warrant is tainted and that the seizure of the contraband

is subject to the exclusionary rule. Unfortunately for appellants, their plea of guilty to the theft by taking charge waived any objection they may have had to the legality of the procedure involved in issuing the bench warrant. *Polk v. Holland,* 229 Ga. 169 (2) (190 SE2d 35); *Massey v. State,* 137 Ga. App. 484 (224 SE2d 117); *Clements v. State,* 128 Ga. App. 162 (1) (196 SE2d 317); Appellants are precluded by their guilty plea from asserting as a defense rights allegedly violated in their theft by taking conviction and in effect collaterally attacking that judgment. See *Lee v. State,* 229 Ga. 819 (194 SE2d 475) (plea of guilty waives right to challenge matters relating to fixing bail); *Polk v. Holland,* supra. Cf. *Cross v. State,* 233 Ga. 960 (214 SE2d 374) (once denial of motion to suppress becomes final judgment, subsequent motion to suppress same evidence is not proper.)

Appellant's only contention regarding the admissibility of the contraband is that the allegedly defective bench warrant tainted the subsequent search and seizure. Since we hold that they are precluded by their guilty plea from raising that issue, we conclude that the search and seizure is not subject to challenge on the grounds asserted.

2. Appellants moved for a directed verdict of acquittal as to Count 2 of the indictment (violation of Code Ann. § 79A-808 (e) (2)) on the grounds that the state failed to prove the quantity of codeine allegedly possessed. See Code Ann. § 27-1802. At the trial an expert testified that (1) chemical analysis indicated the presence of codeine (2) no quantitative analysis was performed, rather, the quantity was determined merely by reading the label on the bottle containing the codeine. Testimony regarding the quantity of codeine was inadmissible hearsay. See *Parrott & Brother v. Johnson,* 61 Ga. 475 (1). Hearsay testimony alone cannot establish fact. *Becton v. State,* 134 Ga. App. 100 (1) (213 SE2d 195).

Since there was no other testimony as to the quantity of codeine possessed, a violation of § 79A-808 (e) (2) which prohibits possession of "[n]ot more than 1.8 grams of codeine, or any of its salts, per 100 milliliters or not more than 90 milligrams per dosage unit, with one or more active non-narcotic ingredients in recognized therapeutic

amounts" was not shown.

However, since the expert did testify that some codeine was present, a violation of Code Ann. § 79A-810 (b) (1) which prohibits possession of "[n]ot more than 200 milligrams of codeine, or any of its salts, per 100 milliliters or per 100 grams" was shown.

Even though the penalty for violation of Code Ann. § 79A-808 (e) (2) and Code Ann. § 79A-810 (b) (1) is governed by the same Code provisions (see Code Ann. § 79A-811 (g)), we have no way of knowing how a conviction for violation of Code Ann. § 79A-810 (b) (1) rather than Code Ann. § 79A-808 (e) (2) would affect sentencing. Accordingly, the case must be remanded for resentencing for a violation of Code Ann. § 79A-810 (b) (1) rather than Code Ann. § 79A-808 (e) (2). *Fleming v. State,* 113 Ga. App. 113 (2) (147 SE2d 480); *Crews v. State,* 142 Ga. App. 319 (8) (235 SE2d 756).

*Judgment affirmed with direction that the defendants be resentenced. Smith and Banke, JJ., concur.*

ARGUED OCTOBER 11, 1977 — DECIDED JANUARY 4, 1978 — REHEARING DENIED JANUARY 18, 1978 —

*Joel M. Merren,* for appellants.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, A. Thomas Jones, Assistant District Attorneys,* for appellee.