## 59134. BURNS v. THE STATE.

Carley, Judge.

Appellant was convicted of the offense of theft by receiving stolen property at the July, 1977 term of the Forsyth Superior Court. The trial court sentenced appellant to a term of ten years, the initial five years of which were to be served in a state penal institution with the remaining five years to be served on probation. Appellant's conviction was affirmed by this court on October 5, 1978. *Burns v. State,* 147 Ga. App. 429 (249 SE2d 145) (1978). In March of 1979 appellant filed a

motion seeking to modify his sentence so that the same would be one served entirely on probation. The trial court held that it had no authority to modify the "straight-time" portion of the sentence since no motion for modification was filed within the term at which the sentence was imposed.

We find that the trial court correctly denied appellant's motion on the basis of our decision in *Porterfield v. State,* 139 Ga. App. 553 (228 SE2d 722) (1976). *Porterfield* is factually almost identical with this case in that it involved a ten-year sentence divided between confinement and probation with the motion to modify being made subsequent to the affirmance of the original sentence by this court. Relying upon Code Ann. § 27-2502, we held that the trial court was without authority to modify the sentence after the expiration of the term of court at which the sentence was imposed. *Porterfield v. State,* supra, 554.

Notwithstanding the fact that *Porterfield* appears to be on all-fours with the instant case, appellant argues that *Porterfield* failed to apply in pari materia with Code Ann. § 27-2502 the provisions of Code Ann. § 27-2709, the pertinent portions of which provide that "[t]he sentencing judge shall not lose jurisdiction over any person placed on probation during the term of said probated sentence, and such judge is hereby empowered to revoke any and all of said probated sentence, rescind any or all of said sentence, or in any manner deemed advisable by said judge to modify or change said probated sentence at any time during the period of time originally described for the probated sentence to run." It is clear that the expansion of the power of modification granted to the sentencing court by Code Ann. § 27-2709 applies only to the probated portion of a split-time sentence such as here involved. Although *Parrish v. Ault,* 237 Ga. 401 (228 SE2d 808) (1976), allows the trial judge to exercise the post-term modification power so as to revoke the probated portion of a split-term sentence prior to the commencement of the probation, *Parrish* is not authority for a construction of Code Ann. § 27-2709 which would reinvest the trial court with power over the straight-time portion of the sentence which is withdrawn from the court by the express

language of Code Ann. § 27-2502.

Our construction of the unambiguous provisions of this statute does not compel a convicted defendant in appellant's position to forego his right to appellate review of his conviction in order to have an opportunity to urge the trial judge to modify his sentence should his conviction be affirmed. As Judge Quillian observed in *Porterfield,* "Georgia courts have long held that while a trial judge loses the inherent right to modify a judgment after the term expires, a motion made during the term serves to extend the power to modify." *Porterfield v. State,* supra, 554. In this case the trial judge was correct in finding himself to be without power or authority to modify the confinement portion of appellant's sentence.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JANUARY 8, 1980 — DECIDED FEBRUARY 20, 1980.

*David A. Fox,* for appellant.
*Frank C. Mills, III, District Attorney,* for appellee.