## 61220. TAYLOR v. THE STATE.

BANKE, Judge.

The appellant was found guilty on a 3-count indictment charging him first with burglary of the apartment dwelling of John Sanders, second with aggravated assault upon Alice Crawford, and third with burglary of Ms. Crawford's dwelling with intent to commit rape. The court announced orally that he would be sentenced to serve 18 years for the burglary of Ms. Crawford's residence and 10 years for the aggravated assault. However, as the result of a mistake innocently induced by the appellant's trial counsel as to which count of the indictment was which, the court sentenced him in writing to serve 18 years on Count 2 (the aggravated assault) and 10 years on Count 3 (the burglary). At a subsequent term of court, the trial judge convened a resentencing hearing and corrected the error by sentencing the appellant to 10 years on Count 2 and 18 years on Count 3. On appeal, the appellant contends, among other things, that the increase in the sentence on Count 3 from 10 to 18 years was unlawful. *Held:*

1. In *Hopper v. Williams,* 238 Ga. 612 (234 SE2d 525) (1977), the Supreme Court held that a superior court in the exercise of its inherent power to correct its records to reflect the truth, may correct a written sentence which does not conform to the sentence pronounced orally, and that such action does not constitute a modification of the sentence. Pursuant to this authority, we hold that the trial court did not err in correcting the sentence in this case.

2. The trial court did not err in failing to charge the jury on identification, as there was no identification issue in the case. The appellant admitted being in Ms. Crawford's apartment and struggling with her. In fact, he was arrested there. The evidence in support of the other burglary charge consisted of the victim's testimony that he awoke during the night to find an intruder in his apartment and that he found a driver's license and insurance card in

the appellant's name the next morning, just outside the apartment, which testimony was combined with evidence that the appellant admitted the burglary to the police subsequent to his arrest.

3. The court's charge on accident was in accordance with Code Ann. § 26-602 and was not unconstitutionally burden-shifting. Accord, *Lemley v. State,* 245 Ga. 350 (2) (264 SE2d 881) (1980). In any event, a charge on accident was unnecessary, since the defendant's argument that Ms. Crawford received her injuries by accident was not reasonably supported by the evidence.

4. The appellant contends that because he was charged with burglarizing Ms. Crawford's apartment by entering it with the intention of committing rape, the aggravated assault conviction must merge with the burglary conviction. This argument is without merit. Neither crime was established by "proof of the same or less than all the facts" required to prove the other. Code Ann. § 26-505 (a). Cf. *Groves v. State,* 152 Ga. App. 606 (2) (263 SE2d 501) (1979).

5. The charge on justification was authorized by the appellant's testimony and did not prejudice his so-called accident defense.

6. The trial judge did not commit reversible error by referring to Ms. Crawford in his charge as "the victim." In the context of the evidence and of the rest of the charge, this did not amount to an expression of opinion that the appellant was guilty of the charges against him. See *Reeves v. State,* 66 Ga. App. 150 (1) (17 SE2d 299) (1941). Compare *Hayes v. State,* 58 Ga. 35, 49 (1877).

7. Finally, we reject the appellant's claim that "the combined effect of improper prosecution tactics denied [him] a fair trial." The alleged improprieties concern the manner in which the state cross examined the appellant and the legality of trying all three counts of the indictment together. None of these complaints were raised at trial; and in any event, they do not establish prosecutorial misconduct.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 22, 1981.

*Hugh Q. Wallace,* for appellant.
*W. Donald Thompson, District Attorney, Willis Sparks, Assistant District Attorney,* for appellee.