## 61587. DILAS v. THE STATE.

SOGNIER, Judge.

On July 24, 1979 appellant pleaded guilty to 26 misdemeanor counts of uttering bad checks. He was sentenced to 36 months confinement, but the sentence was probated on condition that appellant make restitution for the bad checks and pay court costs. On November 9, 1979 the running of appellant's probation was tolled, as he had not reported to his probation officer and could not be found. On December 20, 1979 the probation officer learned that appellant

was in custody of the Garden City, Georgia police on separate criminal charges; he has remained in legal custody of the State of Georgia since that time.

On November 25, 1980 appellant's probation was revoked at a hearing held by the State Court of Toombs County, who imposed appellant's original probated sentence. The court credited appellant with the time served on probation from July 24, 1979 to November 9, 1979 and ordered that appellant serve the remaining 32 months and 15 days of his sentence to confinement. On appeal, appellant contends that (1) his original sentence to 36 months exceeded the jurisdiction of the court; (2) the trial court erred by failing to credit appellant for time already served in the Georgia penal system (from December 20, 1979 to the date of his hearing); and (3) the trial court erred by suspending the running of his time on probation after the probation officer learned he was in custody of Garden City Police.

1. While we find no case law or statute which provides that a separate sentence shall be imposed for each count of a multi-count indictment, Code Ann. § 27-2510 (a) provides: "Where at one term of court a person is convicted on more than one indictment or accusation, or on more than one count thereof, and sentenced to imprisonment, such *sentences* shall be served concurrently unless otherwise expressly provided therein." (Emphasis supplied.) The use of the word "sentences" implies that a defendant should be sentenced separately for each count of a multi-count indictment or accusation. To hold otherwise would make § 27-2510 (a) meaningless, for if a court could impose one aggregate sentence for several counts of one indictment or accusation, there would be no need to determine, or specify, whether the *sentences* are to run concurrently or consecutively. Cases dealing with the issue of sentences running concurrently or consecutively support this interpretation, for the cases involve separate sentences for each count. See, e.g., *Sheffield v. State,* 235 Ga. 507, 508 (6) (220 SE2d 265) (1975); *Williams v. State,* 133 Ga. App. 66, 67 (4) (209 SE2d 729) (1974); *Baker v. State,* 131 Ga. App. 48, 52 (3) (205 SE2d 79) (1974). At the very least, the sentence in the instant case is ambiguous. "The rule has been laid down by the Supreme Court, and applied by this court, that sentences for criminal offenses 'should be certain, definite, and free from ambiguity; and, where the contrary is the case, the benefit of the doubt should be given to the accused.' [Cits.]" *Favors v. State,* 95 Ga. App. 318 (1) (97 SE2d 613) (1957). Accordingly, we hold that the sentence, as set forth in the trial court's order, was excessive, because the maximum confinement authorized for a misdemeanor is 12 months, and the court's sentence did not indicate clearly that it was sentencing

appellant for more than one offense.

However, we do not believe that the excessive sentence affects the period of probation in this case. Code Ann. § 27-2709 provides, in pertinent part: ". . . The period of probation shall not exceed the maximum sentence of confinement which *could be* imposed upon such defendant . . ." (Emphasis supplied.) In the instant case, defendant could have been sentenced to 26 years confinement (12 months confinement on each of 26 counts). Thus, a three year period of probation is within the maximum sentence of confinement which "could be" imposed in appellant's case, and is therefore proper.

2. In Enumerations 2 and 3 appellant contends the trial court erred by failing to credit him for time served in the Georgia penal system, and continuing suspension of the running of his time on probation after the probation officer learned appellant was in custody.

Code Ann. § 27-2723 provides for automatic suspension of the running of the probated sentence when a probationer fails to report to his probation officer and cannot be found in his county of residence. Pursuant to this provision, the running of appellant's period of probation was, in fact, suspended on November 9, 1979. At the revocation of probation hearing the trial court found that the probation officer learned on December 20, 1979 that appellant was in custody under separate charges, and "has since been in legal custody in the State of Georgia, available to his Toombs County Probation Supervisor for such probation hearing as was conducted this 25th day of November, 1979 [sic]." (The hearing was held November 25, *1980*). Despite these findings, the trial court only credited appellant for the time spent on probation from July 24, 1979 to November 9, 1979. This was error, for once the probation officer learned of appellant's incarceration, his time spent on probation should start running again until revoked. We find no statutory provision or case law specifying what circumstances will *terminate* a suspension of the running of a period of probation. However, once appellant's incarceration became known, one of the conditions authorizing the suspension ceased to exist. Since suspension was no longer authorized after December 20, 1979, it follows that appellant should be credited for time served on probation from that date forward. Appellant was confined on other charges, and the trial court should have specified that the time served (in confinement) prior to probation revocation would be credited as time served on probation. Accordingly, the case is remanded for entry of an order in compliance with this decision.

*Judgment affirmed in part; reversed in part. Shulman, P. J., and Birdsong, J., concur.*

42

*Michael J. Moses,* for appellant.
*Malcolm F. Bryant, Jr.,* for appellee.