## 64369. THE STATE v. HINSON.

McMURRAY, Presiding Judge.

Defendant pleaded guilty to four counts of violation of the Georgia Controlled Substances Act. On October 20, 1981 (April Term 1981), he was sentenced to serve eight years, the first two in the penitentiary and six years on probation, concurrently as to each count with fines and restitution in different amounts as to each count.

Defendant's motion, styled "Motion for Resentencing," dated December 31, 1981, was filed January 7, 1982 (November Term 1981) and set forth that he was likely to serve the two-year sentence in the Ware County jail which is presently overcrowded; that he is able-bodied and capable of performing any type of work; and, that he would be allowed to do public service work upon the premises and grounds of the Ware County courthouse, if allowed by the court, under the supervision of the county work crew. He prayed that the court

exercise its discretion and as an alternative to the incarceration that he be allowed to serve the balance of his time on probation and "as a special condition to said probation that the defendant be compelled to perform an amount of time of public service work to be set by the Court under the supervision of" the supervisor of the work crews for the county.

A hearing was held in which the state objected that the court had no jurisdiction to modify or resentence the defendant since the term in which he had been sentenced had ended. At that time counsel for defendant advised that since the court *could entertain an extraordinary motion for new trial* with an order nunc pro tunc to the date of sentence at any date prior to the expiration of the term the court might treat same as such thereby granting same and resentencing the defendant as requested. Whereupon, after hearing, the court, without specifically granting a new trial, resentenced the defendant on January 21, 1982 (November Term 1981), to serve one year under the Ware County work program with the remainder of the eight year sentence to be served on probation, the payment of fines and restitution to remain the same as previously imposed. The order of probation then gave other special conditions with reference to the amount of community service work for the county as directed by the probation officer and one-half of the fines to be used in illegal drug investigations among other things. The state appeals. *Held:*

The state contends that the trial court erred in modifying the sentence and resentencing the defendant "after the expiration of the term of court at which the original sentence was imposed." The state relies in chief on the provisions of Code Ann. § 27-2502 (a) (Ga. L. 1974, pp. 352, 354; 1981, p. 1024) which provides in part: "After the term of court at which the sentence is imposed by the judge, he shall have no authority to suspend, probate, modify or change the sentence of said prisoner, except as otherwise provided." In *Burns v. State,* 153 Ga. App. 529, 530 (265 SE2d 859), a case wherein the defendant filed "a motion seeking to modify his sentence so that the same would be one served entirely on probation," the trial court was affirmed in its holding "that it had no authority to modify the 'straight-time' portion of the sentence since no motion for modification was filed within the term at which the sentence was imposed."

Were the "Motion for Resentencing" to be entertained as an extraordinary motion for new trial, as urged by the defendant, we note that in *Gaddis v. State,* 245 Ga. 200, 201 (265 SE2d 275), the Surpeme Court in addressing the proper subject matter for consideration by extraordinary motion for a new trial held: "As stated in Ga. Prac. and Proc., § 19-3 (4th ed.): '[I]n no event will the motion be good unless the movant could not, by the exercise of proper

diligence, have known of the grounds thereof in time to have incorporated them into the ordinary motion for new trial.' "

Moreover, defendant in the case sub judice was not seeking a new trial, or withdrawal of his pleas of guilty, but a change in the original sentence imposed by the trial court in the preceding term of court.

Under the particular facts and circumstances of the case sub judice the "Motion for Resentencing" having been filed and heard after the term of court at which the original sentence was imposed, the trial court had no jurisdiction to resentence the defendant. The resentence imposed in this case is void and unenforceable.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

DECIDED OCTOBER 21, 1982.

*W. Fletcher Sams, Assistant District Attorney,* for appellant.
*Harry D. Dixon,* for appellee.