A90A0283. DOVER v. THE STATE.
(393 SE2d 760)

McMURRAY, Presiding Judge.

Defendant was convicted of violating the "Georgia RICO (Racketeer Influenced and Corrupt Organizations) Act" and for the offense of making a false insurance claim. He was given a 20-year probated sentence for violating the RICO Act and a one-year probated sentence for making a false insurance claim. The sentences were to run concurrently and, as a condition of probation, the trial judge ordered defendant to pay a $7,500 fine and to pay a probation fee of $20 per month. ($6,000 of the $7,500 fine was to be paid as restitution to the Georgia Mutual Insurance Company.) Defendant appealed and his conviction for making a false insurance claim was affirmed[1], but his conviction for violating Georgia's RICO Act was reversed. See *Dover v. State,* 192 Ga. App. 429, 432 (2) (385 SE2d 417). Upon remittitur, the trial court adopted the judgment of this Court and ordered defendant to appear for resentencing. At the resentencing hearing, the trial court explained that resentencing for the offense of making a false insurance claim was necessary because "when [defendant] was originally sentenced, the entire sentence was taken into consideration." Defendant was then sentenced to serve 12 months on probation, to pay a $750 fine and to pay a $20 per month probation fee. This appeal followed. *Held*:

"[A] defendant should be sentenced separately for each count of a multi-count indictment or accusation." *Dilas v. State,* 159 Ga. App.

---

[1] On the previous appearance of this case in *Dover v. State,* 192 Ga. App. 429, 432 (2) (385 SE2d 417) this Court affirmed the conviction for making a false insurance claim, and gave no direction indicating a resentencing for that offense was necessary.

39, 40 (1) (282 SE2d 690). In the case sub judice, the trial court failed to segregate the conditions which applied to the probationary period of defendant's original sentences. As a consequence, ambiguity arose as to what conditions of probation attached to the remaining sentence for making a false insurance claim after reversal of defendant's conviction for violating Georgia's RICO Act. It is from this perspective that defendant contends the sentence imposed upon resentencing is void, arguing that the trial court was without authority to modify the original sentence after the term of court and beyond 60 days from the date the sentence was imposed. Defendant reasons that the original sentence should be read to include only a one-year probationary. period for the remaining conviction, not a 12-month probationary period, a $750 fine and a $20 per month probation fee.

Generally, a sentence may not be suspended, probated, modified or changed after the term of court or 60 days from the date on which the sentence was imposed, whichever time. is greater. OCGA § 17-10-1 (a); *State v. Hinson*, 164 Ga. App. 66 (296 SE2d 386). Any sentence which is modified after this time period is void unless it is for a misdemeanor under OCGA § 17-10-3 (a) (1) (see OCGA § 17-10-3 (b)), or unless a motion to modify the sentence was made during the term of court in which the sentence was filed (*Burns v. State*, 153 Ga. App. 529, 530 (265 SE2d 859)). "In *Hopper v. Williams*, 238 Ga. 612 (234 SE2d 525) (1977), the Supreme Court held that a superior court in the exercise of its inherent power to correct its records to reflect the truth, may correct a written sentence which does not conform to the sentence pronounced orally, and that such action does not constitute a modification of the sentence." *Taylor v. State*, 157 Ga. App. 212 (1) (276 SE2d 691). In the case sub judice, there is no question that defendant's sentence was modified beyond the time period prescribed by OCGA § 17-10-1 (a). Further, we find no exception whereby the trial court was vested with authority to modify the original sentence. Consequently, the modified sentence is void and the original sentence for the offense of making a false insurance claim must be construed as entered.

" 'The rule has been laid down by the Supreme Court, and applied by this court, that sentences for criminal offenses "should be certain, definite, and free from ambiguity; and, where the contrary is the case, the benefit of the doubt should be given to the accused." (Cits.)' *Favors v. State*, 95 Ga. App. 318 (1) (97 SE2d 613) (1957)." *Dilas v. State*, 159 Ga. App. 39, 40 (1), supra. From this perspective, we find that the original sentence for the offense of making a false insurance claim must be construed to exclude the payment of a fine, the payment of restitution and the payment of a monthly probation fee. The only portion of the original sentence which remains unambiguous is the one-year probationary period. Accordingly, this case

must be remanded with direction that the trial court vacate the second sentence and reinstate the first.

*Case remanded with direction. Carley, C. J., and Sognier, J., concur specially.*

SOGNIER, Judge, concurring specially.

I concur with the result reached by the majority, but cannot agree with the rationale advanced therein, as I find this case raises questions concerning the trial court's authority to resentence a convicted defendant, not its power to modify a sentence.

As the majority recognizes, absent certain circumstances not present here, the trial court cannot *modify* a criminal sentence once the court term at which the sentence was rendered ends or the defendant begins serving the sentence. However, the trial court is authorized to *resentence* a defendant at any time if, inter alia, the original sentence was void or illegal (*Sherman v. State*, 142 Ga. App. 691, 692 (237 SE2d 5) (1977); *Mullins v. State*, 134 Ga. App. 243 (1) (214 SE2d 1) (1975)), the defendant is convicted on two indictments but the charges are indistinguishable (*Roberts v. State*, 174 Ga. App. 471 (330 SE2d 597) (1985)), or the conviction on one charge of a multi-count indictment is reversed and the sentences were rendered in the aggregate (*Taylor v. State*, 144 Ga. App. 534, 536 (241 SE2d 590) (1978); *Crews v. State*, 142 Ga. App. 319, 321-322 (8) (235 SE2d 756) (1977), overruled in part on other grounds, *DeFrancis v. Manning*, 246 Ga. 307 (271 SE2d 209) (1980)).

In the case at bar, after this court reversed appellant's conviction on the RICO count but left the fraudulent insurance claim conviction intact, the trial court ordered appellant to appear for "resentencing" because his original sentence had taken into account his convictions for both crimes. This procedure was the proper approach under those circumstances. See *Foster v. State*, 142 Ga. App. 805-806 (2) (237 SE2d 455) (1977); see generally *Taylor*, supra at 536; *Crews*, supra at 322. However, the trial court was not authorized to increase the sentence originally given appellant for the fraudulent insurance claim conviction. See *Schamber v. State*, 152 Ga. App. 196, 198 (262 SE2d 533) (1979). While the original written sentence does not clearly indicate to which count the restitution, fine, and probation fee were attributable, the transcript of the first sentencing hearing clearly reveals that the restitution sum, fine, and probation fee were included in the sentence for the RICO conviction, and that the sentence for the fraudulent insurance claim was composed solely of a one-year probated sentence. Accordingly, upon resentencing after remittitur the trial court could levy no greater penalty than the one-year probationary period.

I am authorized to state that Chief Judge Carley joins in this

special concurrence.

DECIDED MAY 3, 1990.

*Gammon & Anderson, W. Wright Gammon, Jr.*, for appellant.
*Stephen H. Lanier, District Attorney, Harold Chambers, Jr., Assistant District Attorney*, for appellee.