COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Fitzpatrick and Overton
Argued at Salem, Virginia


JAMES EDWARD CLEMENT

v.         Record No. 0249-95-3         MEMORANDUM OPINION[*] BY
                                        JUDGE NELSON T. OVERTON
COMMONWEALTH OF VIRGINIA                      MAY 7, 1996


              FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
                       Nicholas E. Persin, Judge

          Timothy L. Forbes for appellant.

          Eugene Murphy, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.



     James Edward Clement, the appellant, was convicted by a jury

of two counts of inflicting bodily injury on correctional

officers, in violation of Code § 18.2-55.  Clement appeals,

contending that the out-of-court and in-court identification

procedures were improper.  We disagree and affirm the

convictions.

     On May 8, 1994, at the Keen Mountain Correctional Center,

Correctional Officer James Yost was struck by an inmate from

behind in the hallway and knocked unconscious.  Officer Harold

Carter was present and came to Yost's aid, at which time he too

was assaulted by the inmate.  Later that evening, an investigator

showed Carter a photograph of the appellant, and Carter

identified Clement as the assailant.  The next day Yost was shown

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the same photograph, and he identified the man in the photograph as an inmate to whom he had spoken immediately before being assaulted. At trial, Carter testified that he saw Clement come up behind Yost and strike him, and that Clement later hit Carter himself. The earlier out-of-court identification was not admitted, but its existence was elicited in cross-examination.

The appellant first argues that the out-of-court identification was improper because only one photograph was shown to the victims, and that this improper procedure irretrievably tainted the in-court identification. While display of a single photograph constituted a suggestive identification procedure, the identification may nevertheless have been valid if it was "so reliable that no substantial likelihood of misidentification existed." Curtis v. Commonwealth, 11 Va. App. 28, 31, 296 S.E.2d 386, 388 (1990) (citing Neil v. Biggers, 409 U.S. 188, 198 (1972)); see Doan v. Commonwealth, 15 Va. App. 87, 95, 422 S.E.2d 398, 403 (1992). The reliability is weighed considering

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Biggers, 409 U.S. at 199-200. Applying these factors to the case at bar demonstrates clearly that no likelihood of misidentification existed. The out-of-court identification by Yost and Carter therefore has no negative effect upon the in-

court identification.

Unburdened by an impermissible out-of-court identification, the in-court identification becomes solely a question for the jury.  See Manson v. Brathwaite, 432 U.S. 98, 116-17 (1977); Curtis, 11 Va. App. at 33, 396 S.E.2d at 389.  The record in this case supports a jury finding that Clement was indeed the assailant in this case.

Accordingly, the convictions are affirmed.

Affirmed.