**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**May 8, 2019**

# In the Court of Appeals of Georgia

A19A1182. BARBER v. THE STATE.

BARNES, Presiding Judge.

Jarvis Barber was convicted of aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon, and the trial court sentenced him as a recidivist under OCGA § 17-10-7 (a) and (c). The trial court thereafter granted the State's motion to perfect the record with certified copies of Barber's prior felony convictions and denied Barber's amended motion for new trial. On appeal, Barber contends that the trial court erred in granting the State's motion to perfect the record, in sentencing him as a recidivist, and in amending his written sentence without conducting a hearing where he was allowed to be present. For the reasons set forth more fully below, we affirm.

Following a criminal conviction, we review the evidence in the light most favorable to the verdict. *Anthony v. State*, 317 Ga. App. 807, 807 (732 SE2d 845) (2012). So viewed, the evidence showed that on the afternoon of May 8, 2010, the victim was sitting on a porch with a friend in Fulton County when two vehicles stopped in the middle of the street. One of the car occupants who had a "beef" with the victim jumped out and began to argue with him. The man who had jumped out of the car then struck the victim, and the two men began to fight. The fight briefly stopped, but started again. When the fight restarted, another man, who had a gun, jumped out of one of the cars, fired three shots in the air, struck the victim in the head and kneed him, and then fired about three shots at the victim. The shooter and the other man who had fought the victim got back into the cars and drove away. The victim died from a gunshot wound in his torso.

Several witnesses identified Barber as the shooter in photographic lineups and in their testimony at trial. In a video-recorded interview with a detective played at trial, Barber admitted that he shot the victim but claimed that another car occupant also had fired a gun. According to a Georgia Bureau of Investigation firearms examiner, shell casings and bullet projectiles collected from the crime scene were from two different firearms.

2

Following the shooting, Barber was arrested and indicted for murder, felony murder (two counts), aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon.[1] The State filed a notice of its intent to seek recidivist punishment under OCGA § 17-10-7 (a) and (c) based on Barber's prior felony convictions for financial transaction credit card fraud, theft by receiving, possession of cocaine (Fulton County), and possession of cocaine (DeKalb County).[2]

At trial, in addition to the evidence discussed above, when the State presented a certified copy of Barber's prior felony conviction for cocaine possession (Fulton County), Barber stipulated that he was a convicted felon for purposes of the pertinent firearm possession count. Barber elected not to testify and did not call any witnesses. After the close of evidence, the jury found Barber guilty of aggravated assault, possession of a firearm during the commission of a felony, and possession of a

---

[1] The man who fought with the victim and a third car occupant also were charged with certain crimes but were not tried with Barber.

[2] OCGA § 17-10-7 was amended in 2012 to make subsection (c) no longer applicable to a sentence imposed for simple possession of a controlled substance in violation of OCGA § 16-13-30 (a). See OCGA § 17-10- 7 (b.1) (2012); Ga. L. 2012, p. 899, § 4-4. *von Thomas v. State*, 293 Ga. 569, 569-570 (1), n. 1 (748 SE2d 446) (2013). That amendment, however, undisputedly did not apply in the current case.

firearm by a convicted felon. On the remaining counts of the indictment, the jury

deadlocked, leading the trial court to declare a mistrial on those counts.[3]

Following the guilt-innocence phase of the trial, the trial court conducted a

sentencing hearing in which the prosecutor noted that Barber had a criminal history

and that the State had filed a notice that it would be seeking recidivist punishment.

The prosecutor then presented certified copies of Barber's prior felony convictions

for financial transaction credit card fraud, theft by receiving, and cocaine possession

(DeKalb County), and the prosecutor further noted that Barber had stipulated at trial

that he was a convicted felon based on his felony conviction for cocaine possession

(Fulton County). After noting that Barber was a four-time offender and pointing to

"the gravity of the aggravated assault" that had occurred, the trial court announced

a maximum sentence of twenty years in prison for aggravated assault, five years in

prison for possession of a firearm during the commission of a felony, and five years

in prison for possession of a firearm by a convicted felon, with the sentences to run

consecutively.[4] While the final disposition order entered the following day omitted

---

[3] The murder and felony murder counts were later placed on the dead docket.

[4] The maximum sentence for aggravated assault was 20 years. OCGA § 16-5-21 (b). A conviction for possession of a firearm during the commission of a felony carried a mandatory five-year sentence that had to run consecutive to any other

4

any express reference to recidivist punishment, the trial court entered a corrected final disposition order eight days later denoting that Barber was sentenced as a recidivist under OCGA § 17-10-7 (a) and (c).

Barber filed a timely motion for new trial, as twice amended, in which he also challenged the sentence imposed by the trial court. More specifically, Barber contended that the trial court erred in sentencing him as a recidivist because certified copies of his prior felony convictions were never admitted into evidence either at trial or at the sentencing hearing. Barber also asserted that the trial court erred by modifying his written sentence to include recidivist punishment without first conducting a hearing in his presence. The State opposed Barber's motion and filed a motion to perfect the record under OCGA § 5-6-41 (f) with certified copies of Barber's prior felony convictions that the State asserted had been admitted into evidence. The State also argued that the trial court had merely corrected the written sentence to conform it to the sentence announced at the sentencing hearing, so the court did not have to conduct a new hearing or provide notice to Barber before

---

sentence. OCGA § 16-11-106 (b). Lastly, at the time that Barber committed the offense, the maximum sentence for possession of a firearm by a convicted felon was five years. OCGA § 16-11-131 (b) (2010). Thus, the aggregate sentence of 30 years in prison was authorized by the relevant statutes.

5

making the correction. The trial court, after conducting a hearing on the parties'

motions, denied Barber's motion and granted the State's motion to perfect the record.

1. The evidence discussed above – including the eyewitnesses' identifications

of Barber as the shooter in photographic lineups and in their testimony at trial,

Barber's admission to shooting the victim, and Barber's stipulation that he was a

convicted felon – was sufficient to enable a rational jury to find Barber guilty beyond

a reasonable doubt of aggravated assault and the firearm possession offenses. *Jackson*

*v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Barber contends that the trial court erred in granting the State's motion to

perfect the record pursuant to OCGA § 5-6-41 (f) with certified copies of his prior

felony convictions for financial transaction credit card fraud, theft by receiving, and

possession of cocaine (DeKalb County). According to Barber, the trial court never

admitted those three prior convictions into evidence at the sentencing hearing, and

thus it was improper for the court to allow the State to supplement the record with

substitute certified copies of those convictions. We disagree.

OCGA § 5-6-41 (f) provides in relevant part:

Where any party contends that the transcript or record does not truly or
fully disclose what transpired in the trial court and the parties are unable

6

to agree thereon, the trial court shall set the matter down for a hearing with notice to both parties and resolve the difference so as to make the record conform to the truth.

"Evidence never actually admitted at trial cannot properly become part of the record on appeal pursuant to OCGA § 5-6-41 (f). That section is solely for the purpose of making the record speak the truth, not for adding evidence to the record or supplying fatal deficiencies after the fact." (Citations and punctuation omitted.) *Carr v. State*, 267 Ga. 547, 550 (2) (480 SE2d 583) (1997). Guided by these principles, we turn to the record in the present case.

The sentencing hearing transcript reflects the following:

COURT: Anything by the State on aggravation?
PROSECUTOR: Yes, your Honor. Your Honor, the defendant does have a criminal history and we did file a notice of recidivist. At this time the State would introduce to the court certified convictions for Fulton County Case Number 2001SC02922, which is a conviction for theft by receiving; Fulton County Superior Court Case Number 02SC01940, financial transaction card fraud and DeKalb County Superior Court conviction 05CR3682, which is a conviction for violation of the Georgia Controlled Substances Act.
COURT: Have you shown those to [defense counsel]?
PROSECUTOR: Yes, your Honor. They were served in discovery as well.
COURT: All right.
PROSECUTOR: Your Honor, also listed in our notice was the '08 case number, which was in the indictment and stipulated to at trial.

COURT: All right. If you'll present those indictments to me when [defense counsel] is finished looking at them.

Later in the hearing, before announcing an aggregate sentence of 30 years in prison, the trial court found that Barber was a four-time offender.

Certified copies of the three prior felony convictions for financial transaction credit card fraud, theft by receiving, and possession of cocaine (DeKalb County) were not included in the exhibit list created by the court reporter and were not appended to the sentencing hearing transcript. In the subsequent dispute between the parties over whether the convictions should be made part of the record, Barber did not dispute that the prosecutor had *introduced* certified copies of the three convictions at the sentencing hearing, but he argued that the certified copies were never *admitted* into evidence by the trial court. In contrast, the State argued that the certified copies had been introduced by the prosecutor and admitted into evidence by the trial court, and that the record should be made to conform to the truth of what transpired under OCGA § 5-6-41 (f). After hearing from the parties, the trial court found that certified copies of the three prior felony convictions had been admitted into evidence at the sentencing hearing and that to make the record conform to the truth, the court would

8

supplement the record pursuant to OCGA § 5-6-41 (f) with certified copies of those convictions as "appropriate substitutes for the missing evidence."

A trial court's decision to supplement the record under OCGA § 5-6-41 (f) is reviewed on appeal only for a manifest abuse of discretion. *Michel v. Michel*, 286 Ga. 892, 895 (2) (692 SE2d 381) (2010); *Ray v. Stewart*, 287 Ga. 789, 792 (4) (700 SE2d 367) (2010); *Gaines v. State*, 339 Ga. App. 527, 531 (3), n. 15 (792 SE2d 466) (2016). And, in ruling on the State's motion seeking supplementation of the record, the trial court was authorized to find that certified copies of Barber's three prior felony convictions were considered by the court at the sentencing hearing, even if their admission was tacit rather than explicit. See *Spencer v. State*, 260 Ga. 640, 646 (8) (398 SE2d 179) (1990) (ascertaining that photograph was treated as evidence, where photograph was displayed to the jury although never formally offered into evidence by the State); *Lanier v. State*, 237 Ga. App. 875, 875 (1) (517 SE2d 106) (1999) (exhibit introduced but not expressly admitted into evidence was "tacitly admitted" by trial court); *Clayton v. State*, 149 Ga. App. 374, 375 (1) (254 SE2d 495) (1979) (films that were shown to the jury and "were treated in all respects as if they had been admitted into evidence . . . thereby became a part of the evidence in the case even though there was no formal ruling by the trial court admitting them").

9

Accordingly, the trial court did not manifestly abuse its discretion under OCGA § 5-6-41 (f) by supplementing the record with substitute certified copies of the three prior felony convictions. See *Jones v. State*, 318 Ga. App. 614, 618 (4) (734 SE2d 450) (2012) (concluding that "trial court was authorized to correct the record by supplementing it with the inadvertently omitted statement of the defendant").

3. Barber further contends that, irrespective of whether the trial court erred in granting the State's motion to perfect the record with the aforementioned three prior felony convictions, the trial court erred in sentencing him as a four-time recidivist under OCGA § 17-10-7 (a) and (c). In this regard, Barber does not challenge the validity of his two prior felony convictions for theft by receiving and possession of cocaine (DeKalb County). Rather, Barber contends that his prior felony conviction for financial transaction credit card fraud was invalid and thus could not be used as the third predicate felony for sentencing him as a recidivist. We conclude that Barber waived any challenge to the validity of that prior conviction.

When a defendant with three prior felony convictions is convicted of a fourth felony, his sentence is governed by OCGA § 17-10-7 (a) and (c). *Barney v. State*, 333 Ga. App. 807, 813 (4) (777 SE2d 490) (2015). See *Pritchett v. State*, 267 Ga. App. 303, 304 (1) (599 SE2d 291) (2004) (OCGA § 17-10-7 (a) and (c) must be read

together when sentencing a four-time recidivist). Subsection (a) of the statute requires the sentencing court to impose the maximum sentence authorized by statute, but the court may probate or suspend part of that sentence. *Banks v. State*, 225 Ga. App. 754, 757 (5) (484 SE2d 786) (1997). Subsection (c) further requires the defendant to serve the sentenced that is imposed without parole. *Barber v. State*, 316 Ga. App. 701, 702 (730 SE2d 176) (2012).

"The existence and validity of three prior felony convictions are necessary predicates to the imposition of a recidivist sentence under OCGA § 17-10-7 (c)." *von Thomas v. State*, 293 Ga. at 572 (2). The record establishes, however, that Barber never challenged the validity of his prior felony conviction for financial transaction credit card fraud at the sentencing hearing, in his motion for new trial as twice amended, or in the hearing on his motion for new trial. "Because [Barber] did not object below on the grounds he now attempts to raise on appeal, he has waived appellate review of these issues." *Frey v. State*, 338 Ga. App. 583, 587 (3) (790 SE2d 835) (2016) (noting that "an objection regarding the existence or validity of prior convictions as a basis for recidivist punishment can be waived in the trial court"). See *von Thomas v. State*, 293 Ga. at 575 (2) ("[O]bjections to the validity of prior convictions used in aggravation of sentence . . . can be waived."); *Grant v. State*, 326

11

Ga. App. 121, 130 (5) (756 SE2d 255) (2014) (challenge to validity of prior felony conviction waived by failing to object in sentencing court).

Barber maintains that his failure to object to the validity of his prior conviction for financial transaction credit card fraud does not waive his challenge on appeal because a challenge to a void recidivist sentence can be raised at any time. But, in challenging the validity of his prior conviction, Barber is contesting the validity of an underlying predicate offense used for recidivist sentencing, and as our Supreme Court has explained, whether a recidivist sentence is void "depends not upon the existence or validity of the factual or adjudicative predicates for the sentence, but whether the sentence imposed is one that legally follows from a finding of such factual or adjudicative predicates." *von Thomas*, 293 Ga. at 571 (2). Hence, in the context of a challenge to a recidivist sentence imposed pursuant to OCGA § 17-10-7 (a) and (c), a claim that one of the predicate felonies used in aggravation of punishment is invalid does not raise a cognizable claim that the recidivist sentence is void, and it follows that such a claim can be waived, as it was in this case. See *von Thomas*, 293 Ga. at 571-575 (2).[5] See also *Kimbrough v. State*, 325 Ga. App. 519,

---

[5] In *von Thomas*, the Supreme Court of Georgia noted:
There are a few cases in which our Court of Appeals has held that certain objections concerning prior convictions used as predicates for

12

522 (1) (754 SE2d 109) (2014) (claim challenging existence or validity of former conviction used for recidivist punishment does not raise cognizable void sentence claim).[6]

---

recidivist sentencing could not be waived because the objections went to whether the sentencing court had imposed a sentence that the law will not allow, and a challenge to such a void sentence cannot be waived by the failure to object. *But none of those cases involved a claim about the existence or validity of the prior convictions.* Instead, they involved claims about the effect or use of the prior convictions – *assuming the existence and validity of the convictions* – in the imposition of a recidivist sentence, such as claims that a prior conviction under the First Offender Act could not be used in aggravation of sentence, claims that a prior conviction for which the sentence had been suspended could not be used, and claims that a prior conviction could not be used in aggravation of sentence because it had been "used up" to prove an element of a crime for which the sentence was to be imposed.

(Citations and punctuation omitted; emphasis supplied.) *von Thomas*, 293 Ga. at 573-574 (2).

[6] In addition to his other claims of error, Barber argues that the trial court erred in permitting the State to supplement the record with a certified copy of his prior felony conviction for possession of cocaine (Fulton County) and in imposing recidivist punishment based on that conviction. We need not address these arguments. Given that Barber had three other prior felony convictions that mandated recidivist punishment under OCGA § 17-10-7 (a) and (c), any alleged error by the trial court pertaining to his prior felony conviction for possession of cocaine (Fulton County) was harmless. See *Williams v. State*, 326 Ga. App. 418, 423 (8) (756 SE2d 650) (2014) (any error in consideration of additional prior conviction was harmless because defendant had sufficient other prior felony convictions to require recidivist punishment); *Star Mfg. v. Edenfield*, 191 Ga. App. 665, 668 (3) (382 SE2d 706) (1989) (any error in supplementation of record was harmless).

4. Lastly, Barber contends that the trial court erred in entering the corrected final disposition order denoting that he was sentenced as a recidivist under OCGA § 17-10-7 (a) and (c) without first conducting a hearing in his presence. We are unpersuaded.

"A criminal defendant has the right to be present at all critical stages of the proceedings against him." *Hernandez v. State*, 292 Ga. App. 129, 131 (663 SE2d 802) (2008). "Thus, where a defendant is resentenced, or . . . a sentence is amended, the defendant should be allowed to be present. That is because a resentencing proceeding is a critical stage in which a defendant's rights may be lost, privileges may be claimed or waived, or in which the outcome of the case can be substantially affected." (Citation omitted.) *Shaheed v. State*, 274 Ga. 716, 717 (559 SE2d 466) (2002).

However, "a superior court in the exercise of its inherent power to correct its records to reflect the truth, may correct a written sentence which does not conform to the sentence pronounced orally, and . . . such action does not constitute a modification of the sentence." *Taylor v. State*, 157 Ga. App. 212, 212 (1) (276 SE2d 691) (1981). See *Hopper v. Williams*, 238 Ga. 612, 613 (234 SE2d 525) (1977). And, such a correction does not require that notice and a hearing first be provided to the defendant. *Hopper*, 238 Ga. at 613.

14

Here, the trial court found that its correction of the written sentence was to explicitly reflect that Barber had been sentenced as a four-time recidivist and thus did not require notice to Barber and a hearing. We discern no error by the trial court. As the trial court announced at sentencing that Barber was a four-time offender and imposed the maximum sentence following a discussion of the State's recidivist notice and the admission of Barber's multiple prior felony convictions, the entry of the final disposition order merely corrected the written sentence to conform to the sentence pronounced orally. Consequently, the trial court committed no error in entering a corrected final disposition order without first conducting a hearing in the presence of Barber. See *Hopper*, 238 Ga. at 613.

*Judgment affirmed. Mercier and Brown, JJ., concur*.