## A03A1519. THE STATE v. HART.
### (587 SE2d 164)

ANDREWS, Presiding Judge.

The State of Georgia appeals from a superior court order granting Woodson Hart's motion for the court: (1) to conform the original sentence imposed on him at a prior term of court to reflect the sentence intended by the court, and (2) to remove the State's detainer lodged against him based on the original sentence. Although we find the court had inherent power to correct errors in the recording of the sentence to conform it to the court's intention at the time sentence was imposed, we conclude the sentence the court intended to impose was indeterminate and void. Accordingly, we vacate the conformed sentence and remand the case to the superior court for resentencing. Because the detainer was based on the sentence, we affirm the removal of the detainer.

Pursuant to a negotiated guilty plea, Hart was sentenced on March 1, 2001, in the Dougherty Superior Court on offenses of violation of oath of office (two counts), bribery, and perjury. The written sentence entered by the court showed Hart was sentenced to a period of 27 months in prison followed by a period of 93 months on probation, and that the period of imprisonment was to be served concurrent with a term of imprisonment Hart had already been sentenced to serve in federal prison. The record shows that Hart's federal prison term was also for 27 months, but that Hart was tentatively scheduled to obtain early release from federal prison in March 2003 after serving about 24 months of the 27-month federal sentence. In June 2001, the State lodged a detainer against Hart with the Federal Bureau of Prisons requesting that Hart be transferred into the custody of the State upon any early release from federal prison. Pursuant to the detainer, the State intended to take custody of Hart if he was released from federal prison prior to serving his entire 27-month federal sentence and incarcerate him in state prison for the remainder of the 27-month period to complete his state prison term.

In January 2003, Hart filed a motion in Dougherty Superior

Court contending that the superior court judge who sentenced him in March 2001 intended that his state term of imprisonment be concurrent with his federal confinement and that, upon release from federal prison, he serve no additional time in state prison. Accordingly, Hart moved for the sentencing judge to conform the sentence to that intention and order that the detainer be removed.

The sentencing judge conducted a hearing on the motion during which he examined the transcript of the sentencing hearing. The transcript showed that, prior to sentence being imposed pursuant to the plea agreement, Hart's defense counsel pointed out that the agreement for Hart's 27-month state prison term to run concurrent to his 27-month federal prison term included the understanding that Hart would serve no more time in state prison than he served in federal prison. The transcript shows agreement with this understanding by the sentencing judge and the prosecutor, although there was no specific discussion of the possibility that Hart could obtain early release from federal prison. Following the hearing, the sentencing judge entered an order finding that "the sentence [the court] imposed on March 1, 2001 was for [Hart] to serve no additional time in a state facility once he is released from the federal correctional institute." The court also ordered that the detainer against Hart be removed.

Except as provided by statute, a sentencing court has no power to modify a valid sentence of imprisonment after the term of court in which it was imposed has expired. *Latham v. State*, 225 Ga. App. 147, 148-150 (483 SE2d 322) (1997); OCGA § 17-10-1. However, the sentencing court's order in this case was not a modification of its prior imposed sentence; rather, the court exercised its inherent power to correct its records at any time "to show the true intent of the sentencing court at the time the original sentence was imposed." *Bryant v. Evans*, 244 Ga. 673 (261 SE2d 620) (1979); *Hopper v. Williams*, 238 Ga. 612, 613 (234 SE2d 525) (1977); *Taylor v. State*, 157 Ga. App. 212 (276 SE2d 691) (1981). Contrary to the State's contention, this inherent power to correct or conform an erroneous recording of the court's intended sentence was not altered or superseded by the enactment of the provisions of OCGA § 17-10-1 (f), which state that the sentencing court has jurisdiction to "correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed" within one year of the sentencing date or within 120 days after the sentencing court receives the remittitur upon affirmance of the judgment after direct appeal, whichever is later. See *Latham*, 225 Ga. App. at 148-149. Accordingly, Hart's motion filed in the sentencing court 22 months after sentence was imposed was the proper procedure to ask the court to conform the sentence to its original intention so that the sentence was made to speak the truth. *Hopper*, 238 Ga. at 613; *Johnson v. Gooding*, 242 Ga. 793, 795 (251 SE2d 534) (1979). The sentenc-

ing court found that the written sentence imposing a term of 27 months imprisonment concurrent to the federal sentence did not conform to the true intent of the court as reflected in the sentencing transcript that Hart serve at most 27 months, but not more time than the time he was required by federal authorities to serve in federal prison.

Although the sentencing court had inherent power to conform Hart's sentence to the sentence it originally intended to impose, we find the conformed sentence — the sentence the court intended to impose in March 2001 — was for an indeterminate period of imprisonment. Under the conformed sentence, the court sentenced Hart to serve a maximum term of 27 months in prison concurrent to his federal prison sentence, but no more time than he actually served on his federal sentence. Based on this sentence, if Hart had been released by federal authorities after serving one month of his federal sentence, his concurrent term of state imprisonment would also have been completed in one month. Because the term of imprisonment imposed by the sentencing court was variable based on factors entirely within the control of federal authorities, the term was necessarily indeterminate. Under OCGA § 17-10-1 (a) (1), the sentencing judge "shall prescribe a determinate sentence for a specific number of months or years" and in conformity with other statutory sentencing requirements. It follows that the indeterminate sentence imposed by the sentencing court was void and must be vacated, and that the case must be remanded to the sentencing court for resentencing. Because the State's detainer was based on the now vacated sentence, we affirm the portion of the order removing the detainer.

*Judgment affirmed in part, vacated as to sentence and case remanded for resentencing. Barnes and Adams, JJ., concur.*

DECIDED AUGUST 28, 2003.

*Kenneth B. Hodges III, District Attorney, Leah E. McEwen, Alex J. Kaplan, Assistant District Attorneys*, for appellant.

*Joseph Vaknin*, for appellee.

*Robert B. Ellis, District Attorney, Alapaha Circuit, N. Stanley Gunter, District Attorney, Enotah Circuit, Alvin G. Hollingshed*, amici curiae.