### A04A0038. GRIGGS v. THE STATE.
(592 SE2d 168)

ELDRIDGE, Judge.

Nathaniel Griggs was found guilty by a jury for the offenses of aggravated battery (two counts), burglary, and kidnapping with bodily injury. The trial court merged one count of aggravated battery into the kidnapping with bodily injury for the purpose of sentencing. Griggs was sentenced to life imprisonment on the kidnapping with bodily injury offense and 20 years each on the aggravated battery and burglary offenses, both of which were imposed to run consecutive

---

[1] For previous reported decisions, see *Smith I* and *Smith v. State*, 263 Ga. App. 414 (587 SE2d 787) (2003) (*"Smith II"*).

to the life sentence. Griggs appeals from the denial of his motion for new trial. His sole enumeration of error is that the evidence was insufficient to support the verdict. Finding no error, we affirm.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt.

(Footnote omitted.) *Collins v. State*, 258 Ga. App. 400 (574 SE2d 423) (2002).

Viewed in the light most favorable to the verdict, the evidence in this case shows that on October 7, 1999, Ann Wright, Gary Hubbard, Alvey Thomas, and Stanley Richardson were at Hubbard's trailer drinking alcohol and smoking crack cocaine. Wright and Richardson had gone into the bedroom when Griggs knocked on the door. After talking with Hubbard, Griggs walked into the bedroom where Wright and Richardson were and

> said something similar to I knew you was here. He said, "Why are you hiding in the room? You ain't gotta hide from me. Me and you are not boyfriend and girlfriend no more. Come on out with us folks and sit."

Wright and Richardson went into the living room, and everyone continued talking, drinking, and smoking crack cocaine.

As the evening progressed and all of the parties became more intoxicated, Griggs began cursing at Wright and blaming her for their earlier breakup as boyfriend and girlfriend. When Richardson sought to intervene and stop Griggs' barrage of criticism against Wright, Griggs attacked Wright physically by hitting her in the face with his fist. Next, Griggs grabbed Wright's collar, pulled her from where she was sitting, picked her up, and "body slammed" her on a wooden coffee table with such force she bounced off and hit the floor. As Wright tried to get up, she felt something hit her on the back of her neck. Wright testified that she "felt a pain like I ain't never felt before. And then I just went dead, I couldn't feel nothing." Thomas had previously gone into one of the other bedrooms to sleep, but Richardson and Hubbard grabbed Griggs and tried to pull him away from Wright. Griggs continued to kick Wright. As Richardson, Hubbard, and Griggs struggled, Griggs would break away either kicking or

pulling Wright. Richardson and Hubbard were finally able to pull Griggs from the trailer.

Wright was unable to move due to her injuries. Richardson and Hubbard left Wright on the floor, locked the trailer door, and went to get the county sheriff. As she lay on the floor, Wright heard Griggs coming back toward the trailer. Griggs was talking and hollering, "Y'all dirty SOB's, hitting people in the head, I'll fix you." Griggs rattled the door. Finding the door locked, he broke out the glass in the window next to the door and entered the trailer through the window. Thomas testified that when he exited the bedroom where he had been asleep, he saw Griggs climbing in through the front window by the door. Wright testified that Griggs grabbed her by the hair, lifted her head from the floor, and he "just dragged me." Griggs hit Wright's head on a chair, kicked her in the back, and picked her up and slammed her on the floor again. Griggs then took his foot and held her down and pulled out Wright's hair "piece by piece" on one side until she was "bald-headed, clean shaven on that side." Thomas testified that he tried to stop Griggs, but was unable to pull him away. Upon seeing the headlights of the sheriff's car coming toward the trailer, Griggs ceased his attack upon Wright.

When Sheriff Cooper arrived at Hubbard's trailer, the first thing he noticed was that the windows in the front of the trailer were broken out. Fresh glass from the windows was inside the trailer. Hubbard testified that when he and Richardson left the trailer, the windows were not broken. Wright was unable to move her legs or walk. Griggs was taken into custody and transported to the jail. Wright was transported to the hospital.

When Wright arrived at the hospital, her face was swollen, she had a large bruise on the right side of her face, she could not move her legs, she did not have a full range of motion in one of her arms, her neck was tender to the touch, and she reported pain throughout the spinal cord. A CAT scan showed that she had a spinal cord compression at C-4 and C-5, with a fracture at C-3 and spinal stenosis. Surgery was performed to remove a bony spur that was pinching the spinal cord. Her prognosis was guarded.

At the time of trial, more than three and one-half years later, Wright was still disabled from the injuries she received. She was living in a center for long-term care. Wright could not walk or dress herself. While she could feed herself, she was unable to cut her food. She had lost total use of her left hand, and her right hand only functioned at about 80 percent. *Held*:

The evidence is sufficient to enable a rational trier of fact to find Griggs guilty beyond a reasonable doubt of each offense authorized by the jury's verdict. At trial Griggs denied breaking into the trailer through the window, intentionally attacking, hitting, kicking, or

striking Wright or anyone else in the trailer, and kidnapping or abducting Wright; he further asserted that he was the victim, as he had been attacked by the other people in the trailer. However, "[t]he credibility of witnesses and the weight to be given their testimony are questions for the trier of fact, and it is not for us to determine or question how the jury resolved any conflicts in the evidence." (Footnote omitted.) *Knowles v. State*, 245 Ga. App. 523, 524 (1) (538 SE2d 175) (2000).

To the extent that Griggs argues that the State failed to prove the essential element of asportation on the kidnapping with bodily injury offense, " '[o]nly the slightest movement of the victim is required to constitute the necessary element of asportation.' " (Citation and footnote omitted.) *McLendon v. State*, 258 Ga. App. 133, 134 (1) (572 SE2d 763) (2002). In this case, there was evidence that Griggs grabbed Wright by the hair and dragged her, pulled Wright from her seat, picked Wright up and threw her bodily to the ground, and forcibly moved her around the room. See *Estes v. State*, 234 Ga. App. 150 (505 SE2d 840) (1998); *Love v. State*, 190 Ga. App. 264 (1) (378 SE2d 893) (1989). Compare *Woodson v. State*, 273 Ga. 557, 558, n. 1 (544 SE2d 431) (2001). Such evidence was sufficient to support the kidnapping with bodily injury conviction.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED DECEMBER 11, 2003.

*Robert L. Wadkins*, for appellant.
*J. Gray Conger, District Attorney, Mark C. Post, Assistant District Attorney*, for appellee.