## A09A1257. SCHLANGER v. THE STATE.
### (678 SE2d 190)

ANDREWS, Presiding Judge.

This is the second appearance of this case before us. In *Schlanger v. State*, 290 Ga. App. 407 (659 SE2d 823) (2008), we affirmed Herbert P. Schlanger's conviction for two counts of driving under the influence (DUI) and one count each of reckless driving and failure to maintain lane. We noted at that time that the trial court had imposed a single sentence of twenty-four months with ten days to serve without merging the DUI counts and without specifying a sentence on each count. Id. at 415 (8). We therefore vacated Schlanger's sentence and remanded the case with the direction that the trial court merge the two DUI counts and "impose separate sentences on each of the three remaining convictions." Id. After a rehearing, the trial court imposed the same 24-month sentence but increased the time served from ten to thirty days. Appearing pro se, Schlanger argues that the trial court should have granted his motion to recuse and that the new sentence must be vacated. We agree with the latter contention and remand for resentencing.

The record shows that less than two weeks after the issuance of our first opinion in this matter, before the issuance of a remittitur, and without a hearing, the trial court merged the two DUI counts,

---

YALE LAW LIBRARY

reimposed its original sentence, and ordered Schlanger to report to jail within forty-eight hours. Schlanger brought an emergency motion in this Court to vacate this second sentence, which we granted on the ground that the trial court lacked jurisdiction over the matter before the remittitur had been returned. Schlanger then brought a motion to recuse on the ground that the trial court's resentencing before the return of the remittitur showed prejudice. A different judge assigned to the matter denied the motion.

On remand, and after a hearing, the trial court reimposed its sentence of twenty-four months, increased the time to be served from ten days to thirty days, and imposed separate fines for each offense. After imposing sentence, the trial court noted Schlanger's right to appeal, but denied a stay pending appeal. The trial court then commented as follows: "[I]f he continues to appeal, it continues to represent to me his denial of the jury verdict and I will continue to escalate my sentence in view of that, probably, the time he needs to serve, because he's in denial of his violation of the law." After a short recess, the trial court stayed the new sentence pending appeal, but noted that it was not bound by the new sentence's terms.

1. Bias requiring recusal "must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case," and must be "of such a nature and intensity to prevent the defendant from obtaining a trial uninfluenced by the court's prejudgment." *Birt v. State*, 256 Ga. 483, 485-486 (4) (350 SE2d 241) (1986). At the time the second judge ruled on the motion to recuse, the only evidence to support it was the trial court's premature reimposition of sentence before the remittitur had been returned. Because a merely erroneous order cannot by itself justify the grant of a motion to recuse, the trial court did not abuse its discretion when it denied Schlanger's motion. See *Vaughn v. State*, 247 Ga. App. 368, 370 (2) (543 SE2d 429) (2000).

2. As the United States Supreme Court held in *North Carolina v. Pearce*, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) (1969), "a corollary of the power to retry a defendant is the power, upon the defendant's reconviction, to impose whatever sentence may be legally authorized, whether or not it is greater than the sentence imposed after the first conviction." Id. at 720 (II) (A). But when a trial court imposes a greater sentence at resentencing, "[d]ue process of law . . . requires that vindictiveness . . . must play no part in the sentence [a defendant] receives after a new trial." Id. at 725 (II) (C).

> In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for

his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

Id. at 726 (II) (C); see also *Anthony v. Hopper*, 235 Ga. 336, 337 (1) (219 SE2d 413) (1975). And an increase in time served amounts to an "increased sentence" for due process purposes. *Blake v. State*, 272 Ga. App. 402, 406 (1) (612 SE2d 589) (2005) (presumption of vindictiveness applies where trial court revoked probation of five-year sentence at resentencing); *Edge v. State*, 194 Ga. App. 466, 467 (391 SE2d 18) (1990); *Inman v. State*, 124 Ga. App. 190, 192 (1) (183 SE2d 413) (1971).

Having committed reversible error at Schlanger's first sentencing hearing, and having reimposed the original sentence before it had jurisdiction to do so, this trial court presided over a third sentencing proceeding at which it increased the amount of time Schlanger was to serve and threatened to increase it once again if he took another appeal. This was rank error. The trial court also failed to follow this Court's explicit direction to impose separate sentences for each of the offenses, none of which may carry a sentence of more than 12 months, at resentencing. See OCGA §§ 40-6-391 (c) (defining first, second, and third convictions for DUI as misdemeanors); 40-6-390 (b) (defining reckless driving as a misdemeanor); 40-6-1 (a) (defining a violation of rules of the road as a misdemeanor); 17-10-3 (limiting sentences for misdemeanors to 12 months).

We therefore remand the case once again with the direction that the trial court impose a separate sentence for each of the three offenses of which Schlanger was convicted. Under the circumstances of this case, moreover, and assuming the absence of any "objective information concerning [Schlanger's] identifiable conduct" after the original sentencing, *Pearce*, 395 U. S. at 726, we would view either a third failure to specify a separate sentence for each offense or any increase in sentence with suspicion.

*Judgment vacated and case remanded with direction. Miller, C. J., and Barnes, J., concur.*

DECIDED MAY 12, 2009

*Herbert P. Schlanger*, pro se.

*Barry E. Morgan, Solicitor-General, Rebecca S. Walton-McFalls, Assistant Solicitor-General*, for appellee.