## A11A1878. GRIGGS v. THE STATE.

(723 SE2d 480)

DOYLE, Presiding Judge.

Nathaniel Griggs appeals from the trial court's grant of the State's motions to correct a void sentence and to clarify a clerical error. For the reasons that follow, we affirm.

After a jury trial, Griggs was convicted of Count 1 — aggravated battery,[1] Count 2 — aggravated battery, Count 4 — burglary,[2] and Count 5 — kidnapping with bodily injury.[3] At sentencing, the trial court merged the first count of aggravated battery with the kidnapping conviction and sentenced Griggs to life imprisonment for kidnapping, and 20 years each on Counts 2 and 4. The written verdict form indicated that both Counts 2 and 4 were to run consecutive to Count 5. This Court affirmed Griggs's conviction on appeal.[4]

---

[1] OCGA § 16-5-24 (a).

[2] OCGA § 16-7-1 (a).

[3] OCGA § 16-5-40 (a). The jury acquitted Griggs on three other counts, and the trial court directed a verdict of acquittal as to another count.

[4] See *Griggs v. State*, 264 Ga. App. 636 (592 SE2d 168) (2003) in which this Court set forth more fully the facts underlying Griggs's conviction.

Subsequent to his conviction, the Supreme Court of Georgia decided the case of *Garza v. State*,[5] and based on the holding in that case, Griggs filed a petition for habeas corpus, which the habeas court granted by voiding his conviction for kidnapping with bodily injury. The State moved for correction of a void sentence in the trial court because the State argued that Count 1 (aggravated battery), which originally was merged with the now voided kidnapping charge, required imposition of a sentence of a specific number of years. Simultaneously, the State moved for the trial court to correct a clerical error in order for the written sentence to conform to the oral pronouncement at the original sentencing hearing. The State maintained that the court's oral pronouncement of the original sentence was for Griggs to serve life imprisonment on the merged Counts 1 and 5, followed by a consecutive sentence of 20 years for Count 2, followed by a consecutive sentence of 20 years for Count 4, rather than life imprisonment followed by concurrent 20-year sentences.

At the resentencing hearing, the trial court sentenced Griggs to 20 years on each count to be served consecutively to each other. On appeal, Griggs challenges the trial court's sentence, arguing that the trial court was without authority to clarify its written sentence by pronouncing that Counts 2 and 4 would run consecutive to each other in addition to running consecutive to Count 1, which required a specific sentence after the life sentence for his kidnapping charge was voided. He also argues that the resulting sentence was vindictive. For the reasons that follow, we affirm.

1. "Under OCGA § 17-10-1 (a) (1), the sentencing judge shall prescribe a determinate sentence for a specific number of months or years and in conformity with other statutory sentencing requirements."[6] In this case, after the kidnapping conviction was voided, the trial court was authorized to sentence Griggs to a term of years on Count 1, which for aggravated battery could consist of up to 20 years.[7] Thus, it was not erroneous for the trial court to impose a sentence of 20 years for Count 1.

2. Moreover, the trial court did not err by correcting its written sentence to conform with its oral pronouncement. "Except as provided by statute, a sentencing court has no power to modify a valid sentence of imprisonment after the term of court in which it was imposed has expired."[8] Nevertheless, a sentencing court also possesses "inherent

---

[5] 284 Ga. 696 (670 SE2d 73) (2008), superseded by statute as stated in *Hammond v. State*, 289 Ga. 142 (710 SE2d 124) (2011).

[6] (Punctuation omitted.) *State v. Hart*, 263 Ga. App. 8, 10 (587 SE2d 164) (2003).

[7] See OCGA § 16-5-24 (b).

[8] *Hart*, 263 Ga. App. at 9. See also OCGA § 17-10-1 (f); *Taylor v. State*, 157 Ga. App. 212 (276 SE2d 691) (1981) ("[A] superior court in the exercise of its inherent power to correct its records to reflect the truth, may correct a written sentence which does not conform to the

power to correct its records at any time to show the true intent of the sentencing court at the time the original sentence was imposed."[9] Here, the trial court was authorized to correct the clerical error appearing in its written sentence as compared to its original oral pronouncement. The trial court, after reviewing the original transcript, determined that its original pronouncement and intent was for Counts 2 and 4 to be served consecutive to each other as well as to Count 1 (previously the voided Count 5 with which Count 1 was merged). Accordingly, there was no error in the trial court's correction of that portion of Griggs's sentence.[10]

3. Finally, because the final sentence of 60 years to serve is not longer than the original sentence of life followed by additional terms of years, we find no merit in Griggs's argument that the trial court was vindictive in imposing the new sentence as it did.[11]

*Judgment affirmed. Ellington, C. J., and Miller, J., concur.*

DECIDED FEBRUARY 16, 2012.

*William J. Mason*, for appellant.
*Julia Fessenden Slater, District Attorney, Robert B. Bickerstaff II, Assistant District Attorney*, for appellee.

---

sentence pronounced orally, and that such action does not constitute a modification of the sentence.").

[9] (Punctuation omitted.) *Hart*, 263 Ga. App. at 9.

[10] See, e.g., *Daniel v. State*, 262 Ga. App. 474, 475 (2) (585 SE2d 752) (2003).

[11] Compare with *Schlanger v. State*, 297 Ga. App. 785, 787 (2) (678 SE2d 190) (2009).