# Court of Appeals
# of the State of Georgia

ATLANTA,    August 08, 2014

*The Court of Appeals hereby passes the following order:*

## A14A1991.  NATHANIEL GRIGGS v. THE STATE.

Nathaniel Griggs was convicted of several offenses, including aggravated battery, burglary, and kidnapping.  In 2011, after a habeas court vacated Griggs's conviction for kidnapping, he was resentenced on his remaining convictions.  We affirmed.  See *Griggs v. State*, 314 Ga. App. 158 (723 SE2d 480) (2012).  In 2014, Griggs filed a motion to vacate and set aside his convictions and sentences.  The trial court denied his motion, and Griggs filed this appeal.  We lack jurisdiction.

A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (a) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

In his motion, Griggs argued that his convictions must be set aside based on double jeopardy and because of problems with his indictment.  These are not colorable void sentence claims. See id. Accordingly, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 08/08/2014
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

             *, Clerk.*