# Court of Appeals
# of the State of Georgia

ATLANTA,____June 14, 2016_____

*The Court of Appeals hereby passes the following order:*

## A16A1803. NATHANIEL GRIGGS v. THE STATE.

Nathaniel Griggs was convicted of multiple offenses, and his convictions were affirmed on appeal. See *Griggs v. State*, 264 Ga. App. 636 (592 SE2d 168) (2003). Since then, Griggs has filed several pro se motions challenging his convictions and sentence.[1] Most recently, he filed an "Extraordinary Motion to Inact [sic] the Provision of House Bill (24) to Petitioner's Convictions and Sentences." In this motion, Griggs seeks to have Georgia's revised Evidence Code applied to his case.[2] The trial court treated the motion as one to set aside a void sentence, which the trial court denied. Griggs filed this direct appeal from the trial court's ruling.

Despite its caption, Griggs' motion is, in substance, an effort to set aside or vacate his convictions. But as the Supreme Court has made clear, a post-conviction motion seeking to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case,

---

[1] A habeas court granted relief by voiding Griggs' kidnapping conviction. Following his resentencing, Griggs appealed. We affirmed. See *Griggs v. State*, 314 Ga. App. 158 (723 SE2d 480) (2012). Griggs also filed a discretionary application from the denial of an extraordinary motion for new trial, which was dismissed. See Case Number A09D0370, dismissed May 29, 2009. And he filed a direct appeal from the denial of his motion to vacate a void sentence, which was also dismissed. See Case Number A14A1991, dismissed Aug. 8, 2014.

[2] See Ga. Laws 2011, p. 99, § 101 (revised Evidence Code "shall become effective on January 1, 2013, and shall apply to any motion made or hearing or trial commenced on or after such date").

and an appeal from the trial court's ruling on such a petition should be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Griggs' motion, however, presented challenges to his convictions, not his sentence. Because Griggs may not attack his convictions in this manner and did not assert a colorable void-sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/14/2016
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*