# Court of Appeals
# of the State of Georgia

ATLANTA,   September 02, 2020

*The Court of Appeals hereby passes the following order:*

**A21D0041. CHRISTOPHER SCOTT BORUM v. THE STATE.**

Christopher Borum has filed an application for discretionary review of the trial court's order denying his motion to correct a mistake or clerical error in his sentence.[1] The order, however, appears to be subject to direct appeal.

The trial court has the "inherent power to correct its records at any time to show the true intent of the sentencing court at the time the original sentence was imposed." *State v. Hart*, 263 Ga. App. 8, 9 (587 SE2d 164) (2003) (punctuation omitted). And when a party files a motion seeking such relief, this Court has entertained direct appeals from the trial court's ruling on the motion. See id.; see also *Griggs v. State*, 314 Ga. App. 158, 159-160 (2) (723 SE2d 480) (2012).

Borum's motion alleged that, due to an error in the trial court's sentencing documents, he had not received proper credit for time he served in confinement. To

---

[1] The trial court's order was entered on July 6, 2020, and Borum filed this application on August 12, 2020. Under ordinary circumstances, the period for Borum to file the application would have expired on August 5, 2020. See OCGA § 5-6-35 (d) (applications for discretionary appeal shall be filed within 30 days of entry of the order to be appealed). However, in light of the tolling provisions in the Supreme Court's Order Declaring Statewide Judicial Emergency and the extensions thereof, we accept the application as timely filed. See Order Declaring Statewide Judicial Emergency (Mar. 14, 2020), Order Extending Declaration of Statewide Judicial Emergency (Apr. 6, 2020), Second Order Extending Declaration of Statewide Judicial Emergency (May 11, 2020), and Third Order Extending Declaration of Statewide Judicial Emergency (June 12, 2020), all available at *https://www.gasupreme.us*.

the extent Borum sought relief under the court's inherent power to correct its records, he is entitled to a direct appeal from the trial court's denial of his motion. See *Griggs*, 314 Ga. App. at 159-160 (2).

We will grant a timely filed application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED, and Borum shall have ten days from the date of this order to file a notice of appeal in the trial court. If he has already filed a timely notice of appeal in the trial court, he need not file a second notice. The clerk of the trial court is directed to include a copy of this order in the appeal record transmitted to this Court.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   09/02/2020         *
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


                                                            , Clerk.