**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 17, 2022**

# In the Court of Appeals of Georgia

A22A0466. FRANCIS v. THE STATE.

MERCIER, Judge.

Jemelle Francis appeals pro se from the trial court's denial of his "Motion to Correct Clerical Error." For the following reasons, we vacate the trial court's order and remand this case for further proceedings.

The record reveals that in March 2016, Francis entered a negotiated guilty plea in Gwinnett County to three counts of armed robbery. The disposition entered at the time of his plea shows that he was sentenced to 40 years to serve 17 years in confinement on each of the three counts, with Counts 2 and 3 to be served concurrently with Count 1.

On December 4, 2020, Francis sent a "Letter to the Court Requesting Correct[ion] of Error. Motion to Clarify," asserting that as part of his negotiated

guilty plea, he was to serve the 17-year sentence concurrently with a sentence he was serving in a different jurisdiction, and he was "to have no time added to his . . . max-out date of 2027" – the end of his incarceration in that jurisdiction. No ruling on this motion/letter appears in the record. However, on January 12, 2021, the trial court amended Francis' sentence to 40 years with 17-years to serve "[c]oncurrent with any other sentence the Defendant is serving."

On August 13, 2021, Francis filed a "Motion to Correct Clerical Error" and again asserted that as part of his negotiated plea, he was to serve the 17-year sentence concurrently with his sentence in another jurisdiction – Rockdale County. He argued further that the State, his counsel, and the trial court had agreed that his sentence would result in no additional time following the period of confinement on his Rockdale County sentence. Francis asserted that his Rockdale County sentence began in 2010 and he was to be released in 2027. He therefore requested that he be resentenced to receive credit for the time he had served in the Rockdale County case since 2010 "with a maximum release date of 12-23-2027." The trial court denied Francis' motion, concluding that at the plea hearing "[t]here was no discussion of any kind regarding a credit for time served date. The discussion on the record pursuant to the negotiated plea was simply that the sentences were to run concurrently to each

2

other as well as the other sentence he was currently serving. There is no clerical error on defendant's sentence." This appeal followed.

The following colloquy took place during Francis' 2016 plea hearing:

[Plea counsel]: Mr. Francis indicated he's got a max-out date of 2027, which I think is going to be because they're going to put him in a halfway house for six months. . . . Since what we're all trying to do is not add anything, I was wondering if we can ask for seventeen to serve - -

[The State]: That's fine.

[Plea counsel]: - - rather than eighteen.

[The State]: I have no problem with that.

. . .

[The State]: Okay. Your Honor, Mr. Francis is currently serving a lengthy sentence, 40 years, with the first 18 years to be served in confinement on other armed robbery charges in a different jurisdiction. This was an unindicted case, ready to be presented to the grand jury, but we decided to see if Mr. Francis would be interested in resolving this case here . . . He's been appointed counsel, and we have drafted an accusation to expedite the case here so he can continue with his sentence. The recommendation in this case is that the defendant be given

17 years, to be served in confinement. There [are] no additional terms on that sentence. We would ask that the sentence run concurrent with the sentence that Mr. Francis is currently serving at this time.

The State questioned Francis about the voluntariness of his plea, explaining to him the consequences of entering the plea and the 17-year sentence recommendation. Plea counsel then explained: "I guess what we're all trying to do is make sure we're not adding to his sentence that we're - - that is, it's everybody's intention to run it concurrent . . . we ask your Honor to follow the recommendation." In accepting Francis' plea, the trial court stated:

> All right, Mr. Francis. I think everybody has the idea that there won't be any additional time, but the paperwork will be signed today. I'll accept your plea. Everything will be as negotiated between the attorneys. That will be the sentence. And we'll fax everything to the jail and then to the Department of Corrections, so everything will be calculated correctly.
>
> If anything changes with your release date, make sure you notify [plea counsel]. That means there's a paperwork error, more than likely in our situation, and we can try to get it fixed without having to transport you[.]

In his sole claim of error, Francis argues that the trial court abused its discretion in allowing him to serve more time when the error in his sentence was

brought to the court's attention. He asserts that it was the intent of the parties and the trial court for him to receive credit for time served in the Rockdale County case so that his sentence in Gwinnett County would end on the same day of his release from the Rockdale County sentence. He argues further that his sentence could not be increased once he began to serve it.

The State responds that the trial court was without authority to modify Francis' sentence because more than a year had passed since the sentence was entered. See OCGA § 17-10-1 (f) (court has jurisdiction to correct or reduce sentence within one year of the date the sentence was imposed).[1] It argues further that Francis does not raise a valid void sentence claim and that his only option is to file a motion for out-of-time appeal "to address any issues in the entry of his negotiated plea." The State agrees that "the transcript indicates that [ ] plea counsel may have intended for [Francis] to be sentenced in such a way that his sentence for his offenses in this case would end on the same date as his offense in the other crime." But it argues that "the sentence negotiated by plea counsel did not accomplish this intent and may reflect a

---

[1] We note that Francis filed his motion to correct clerical error within one year of the 2021 amended sentence.

misunderstanding of the effect of a 'concurrent' sentence," and that Francis not does raise an ineffective assistance claim here.

Although "a sentencing court has no power to modify a valid sentence of imprisonment after the term of court in which it was imposed has expired," it does "possess[ ] inherent power to correct its records at any time to show the true intent of the sentencing court at the time the original sentence was imposed." *Griggs v. State*, 314 Ga. App. 158, 159-160 (2) (723 SE2d 480) (2012) (citations and punctuation omitted); see also *State v. Hart*, 263 Ga. App. 8, 9 (587 SE2d 164) (2003).

In denying Francis' motion to correct clerical error, the trial court ruled that there was no discussion of credit for time served at the plea hearing. But while the court and plea counsel did not use the phrase "credit for time served" specifically, the transcript reflects that plea counsel requested a 17-year sentence that would not add any time to Francis' "max-out date of 2027." The State presented to the court that it was recommending Francis' sentence be served concurrently with the sentence he was serving in Rockdale County, without any mention of not adding any time beyond the existing max-out date. In sentencing Francis, however, the trial court stated that everyone understood "that there won't be any additional time" and that the sentence will be "as negotiated between the attorneys."

It appears then that there was some understanding that Francis' sentence would result in no "additional time," which could only be accomplished by giving Francis credit for time served on the Rockdale County sentence. Thus, in denying Francis' motion to correct clerical error, the court erred in finding that there was no discussion of credit for time served during the plea hearing. We therefore vacate the trial court's order and remand this case for the court to consider Francis' motion without this improper factual finding.[2]

*Judgment vacated and case remanded. Dillard, P. J., and Markle, J., concur.*

---

[2] This case does not involve credit for time served under OCGA § 17-10-11, which is the duty of the Department of Corrections. See *Cutter v. State*, 275 Ga. App. 888, 890 (2) (622 SE2d 96) (2005); OCGA § 17-10-12; see also *Wilson v. State*, 273 Ga. 97, 97 (538 SE2d 429) (2000) ("The provisions in OCGA §§ 17-10-9; 17-10-11 for crediting prison sentences with time spent in confinement applies only to persons who would not be confined but for the charges which give rise to the sentence for which credit is sought.") (citation and punctuation omitted).