**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 10, 2025**

# In the Court of Appeals of Georgia

A24A1527. THE STATE v. BODDIE.

BARNES, Presiding Judge.

In 2004, Marcus Boddie pled guilty to aggravated battery in the Superior Court of Clayton County and was sentenced to 18 years in prison, with his sentence to run consecutively to the prison sentence he previously received in a different criminal case in the Superior Court of Fulton County. Approximately 19 years later, Boddie filed a motion in the Superior Court of Clayton County seeking to modify his Clayton County sentence to run concurrent to his Fulton County sentence. Boddie asserted that his sentence should be modified because when he pled guilty in the Fulton County case, he "was assured that all his time would run concurrently with whatever sentence he received in Clayton County." The trial court granted Boddie's motion

to modify his Clayton County sentence, concluding that the sentence was void because it was inconsistent with the Fulton County sentence regarding whether the two sentences should run concurrently or consecutively. The State now appeals from the trial court's order, arguing that Boddie's Clayton County sentence was not void and that the trial court therefore lacked jurisdiction to modify it.[1] For the reasons discussed below, Boddie failed to present a cognizable claim that his Clayton County sentence was void. Accordingly, we vacate the trial court's order and remand the case to that court with direction that Boddie's motion to modify his sentence be dismissed for lack of jurisdiction.

The record reflects that on December 19, 2001, in Clayton County, Boddie shot a vehicle owner in the head and stomach, rendering his legs useless and leaving him permanently paralyzed. Boddie fled from the scene in the vehicle and drove to Fulton County, where he committed additional crimes that day, including armed robbery.

Based on his December 19 conduct, Boddie was indicted on multiple charges in Fulton and Clayton Counties. On May 16, 2003, in the Superior Court of Fulton County, Boddie pled guilty under *North Carolina v. Alford*, 400 U.S. 25 (91 SCt 160,

---

[1] See OCGA § 5-7-1 (a) (6) (authorizing appeal by the State "[f]rom an order, decision, or judgment of a court where the court does not have jurisdiction").

27 LE2d 162) (1970) to armed robbery and multiple other offenses, and he was sentenced to 20 years to serve in prison. The final disposition sheet included a written notation that Boddie's "sentence should run concurrent with pending Clayton Co. case."

On October 15, 2004, in the Superior Court of Clayton County, Boddie entered into a negotiated plea of guilty to aggravated battery and was sentenced to 18 years to serve in prison,[2] *consecutive* to his Fulton County sentence. Boddie was represented by different counsel in the Fulton County and Clayton County cases, and there is nothing in the record reflecting that his Clayton County counsel or the Clayton County superior court judge was aware of the notation on the Fulton County final disposition sheet that the sentences should run concurrently.

On December 19, 2023, Boddie filed a motion in the Superior Court of Clayton County seeking to modify his Clayton County sentence to run concurrent to his now-completed Fulton County sentence, asserting that "at the time he took the plea in Fulton County, [he] was assured that all his time would run concurrently with

---

[2] Boddie also was indicted in Clayton County on charges of highjacking a motor vehicle, three counts of possession of a firearm during the commission of a crime, two counts of aggravated assault, and possession of a firearm by a convicted felon. These charges were nolle prossed as part of the negotiated plea.

whatever sentence he received in Clayton County." By the time of the motion, the Clayton County superior court judge who originally sentenced Boddie was no longer on the court, and the motion was assigned to a different judge.

After a hearing, the trial court granted Boddie's motion to modify his Clayton County sentence, concluding that the sentence was void because it was inconsistent with the Fulton County sentence with respect to whether the sentences should run concurrently or consecutively. The trial court found that "it was the intent of the Fulton County Superior Court to have [Boddie's] Fulton County sentence run concurrent with [his Clayton County sentence]"; that the Clayton County sentence was inconsistent with that intent; and that the two sentences created an "irreconcilable conflict" and resulted in an "impossibility that cannot be carried out" by the Department of Corrections. Consequently, the trial court ruled that Boddie should be re-sentenced in the Clayton County case so that his sentence would run concurrent with his Fulton County sentence. This appeal by the State followed.

The State contends that the trial court erred in concluding that Boddie's Clayton County sentence was void and thus could be modified to run concurrently with his Fulton County sentence.

4

"When a sentencing court has imposed a sentence of imprisonment, its jurisdiction to later modify or vacate that sentence is limited." *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013). Generally, a sentencing court has jurisdiction to modify or vacate a sentence only during the year within which it was imposed or within 120 days after remittitur following a direct appeal, whichever is later. See OCGA § 17-10-1 (f);[3] *Reed v. State*, 352 Ga. App. 30, 31 (833 SE2d 712) (2019). "But a sentencing court has jurisdiction to vacate a void sentence *at any time*." (Emphasis in original.) *von Thomas*, 293 Ga. at 571 (2). In the present case, Boddie filed his motion to modify his Clayton County sentence approximately 19 years after the sentence was imposed. "Accordingly, the sentencing court had jurisdiction of his motion only to the extent that it presented a cognizable claim that the sentence was void." Id. Boddie presented no such claim.

---

[3] The relevant portion of OCGA § 17-10-1 (f), which was enacted in 2001, provides:

> Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed. . . .

See *Gray v. State*, 310 Ga. 259, 263 (3) (850 SE2d 36) (2020).

"A sentence is void if the court imposes punishment that the law does not allow. When the sentence imposed falls within the statutory range of punishment, the sentence is not void. So long as the sentence imposed is within the statutory limits, we will not disturb it." (Citations and punctuation omitted.) *Gillespie v. State*, 311 Ga. App. 442, 442 (715 SE2d 832) (2011). See *Prince v. State*, 299 Ga. 888, 889-890 (793 SE2d 38) (2016). Furthermore, while "a concurrent sentence is void where a statute requires imposition of a consecutive sentence," *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation omitted),[4] sentencing courts generally "have great discretion in determining whether to run sentences concurrently or consecutively." *State v. Riggs*, 301 Ga. 63, 69 (2) (a) (799 SE2d 770) (2017).

Boddie's 18-year sentence for aggravated battery in Clayton County fell within the statutory range of punishment for that offense at the time it was committed. See

---

[4] See OCGA § 16-11-106 (b) (providing that any person who is found guilty of possession of a firearm during the commission of a felony "shall be punished by confinement for a period of five years, such sentence to run consecutively to any other sentence which the person has received"); *Hartman v. State*, 266 Ga. 613, 615 (5) (469 SE2d 163) (1996) (holding that trial court's original sentencing of the defendant to five years for possession of a firearm during the commission of a felony, with the sentence to run concurrently to another count, was contrary to the firearm possession statute, which "requires that a sentence on [that charge] run consecutively to any other sentence imposed").

OCGA § 16-5-24 (b) (2001) (providing in relevant part that "a person convicted of the offense of aggravated battery shall be punished by imprisonment for not less than one nor more than 20 years"). And where, as here, the defendant "is convicted on more than one indictment in different courts and sentenced to imprisonment[,] it is within the discretion of the trial court to impose consecutive sentences." *Daughtrey v. State*, 138 Ga. App. 504, 507 (2) (226 SE2d 773) (1976). See OCGA § 17-10-10 (b) ("Where a person is convicted on more than one indictment or accusation at separate terms of court, *or in different courts*, and sentenced to imprisonment, the sentences shall be served concurrently, one with the other, *unless otherwise expressly provided therein*.") (emphasis supplied); *Waye v. State*, 301 Ga. 469, 472 (III) (801 SE2d 818) (2017) (concluding that sentencing court was authorized to run the defendant's sentence consecutive "to the sentence he was serving at the time he entered his plea," as OCGA § 17-10-10 (b) "expressly permits the imposition of a consecutive sentence on a subsequent conviction"). Because Boddie's Clayton County sentence was within the statutory range of punishment and the sentencing court had the discretion to run his sentence consecutive to his previously entered Fulton County sentence, Boddie's Clayton County sentence was not void. See *Harris v. State*, 365 Ga. App. 218, 219-220

(2) (878 SE2d 63) (2022) (concluding that the defendant's sentence was not void, where the sentence was within the statutory range of punishment, and the sentencing court "had discretion to run the sentence consecutive to the other sentences [the defendant] had been ordered to serve"); *Simpson v. State*, 310 Ga. App. 63, 64, n. 4 (715 SE2d 675) (2011) ("Under Georgia law, whether to impose consecutive or concurrent sentences for multiple offenses is within the trial court's discretion, so long as the sentence for each offense is within the statutory limits.") (citation omitted).[5]

In concluding that Boddie's Clayton County sentence was void, the trial court relied on its determination that the Fulton County sentencing court had intended for Boddie's Fulton County sentence to run concurrently with his Clayton County

---

[5] "[A] sentencing court also possesses inherent power to correct its records at any time to show the true intent of the sentencing court at the time the original sentence was imposed." (Citation and punctuation omitted.) *Griggs v. State*, 314 Ga. App. 158, 159-160 (2) (723 SE2d 480) (2012). However, there is no evidence in the record that the Clayton County superior court judge who originally sentenced Boddie actually intended for the aggravated battery sentence to run concurrently with Boddie's Fulton County sentence. Compare id. at 160 (2) (concluding that trial court was authorized to correct the defendant's written sentence so as to run the sentences on different counts consecutively, where the trial court "after reviewing the original transcript, determined that its original pronouncement and intent was for [the counts] to be served consecutive to each other").

sentence, that the Clayton County sentence was inconsistent with that intent, and that the two sentences thus could not be reconciled. But Boddie was first sentenced in Fulton County, and Boddie has pointed to no legal authority, and we have found none, that gave the Fulton County sentencing court jurisdiction to direct the sentencing on a still-pending charge in a different county. Rather, as we have explained, "[w]hether a sentence is to be served concurrently with or consecutively to another previously passed on the defendant and which he is engaged in serving at the time is, accordingly, *a part of the second sentence*." (Emphasis supplied.) *Fleming v. State*, 113 Ga. App. 113, 113 (1) (147 SE2d 480) (1966). Hence, the decision whether to run the Fulton County and Clayton County sentences concurrently or consecutively was the sole prerogative of the Clayton County sentencing court, given that the Fulton County sentence was entered first. Consequently, the trial court's focus on the intent of the Fulton County sentencing court was misplaced.

For the foregoing reasons, Boddie's motion to modify his Clayton County sentence presented no cognizable claim that his sentence was void, and the trial court therefore should have dismissed his motion for lack of jurisdiction. See *McCullum v. State*, 365 Ga. App. 310, 313 (878 SE2d 260) (2022). Thus, we vacate the order

granting Boddie's motion to modify his Clayton County sentence and remand this case for the trial court to dismiss the motion. See id.

*Judgment vacated and case remanded with direction. Gobeil and Pipkin, JJ., concur.*